UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| VIA TECHNOLOGIES, INC. (A CALIFORNIA CORPORATION), et al., Plaintiffs, v. ASUS COMPUTER INTERNATIONAL, et al., Defendants. | Case No. 14-cv-03586-BLF<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**<br><br>[Re: ECF 35] |

Defendant ASUS Computer International moves this court to set aside the Clerk's Entry of Default, ECF 21, against it. Because this motion is amenable to decision without oral argument, the court hereby vacates the hearing set for February 19, 2015, and submits this motion for consideration on the papers. For the reasons below, the motion is **GRANTED**.

I.   **BACKGROUND**

On August 7, 2014, Plaintiffs filed suit against ASUS Computer International ("ACI"), ASUSTeK Computer ("ASUSTeK"), and ASMedia Technology ("ASM"), alleging trade secret misappropriation, unfair competition, and patent infringement. ECF 1. The complaint and summons were served on ACI on August 21, 2014,[1] making ACI's answer due on September 11, 2014. ECF 15. It was the custom and practice between ACI and ASUSTeK that ASUSTeK would handle the defense of any litigation naming ACI and ASUSTeK as codefendants. Starkie Decl. at ¶ 4, ECF 35-1. Upon receipt of the summons, ACI contacted ASUSTeK to confirm that ASUSTeK would be handling the defense in this litigation and received confirmation from ASUSTeK the next day. *Id.*

---

[1] Plaintiff VIA Technologies was unable to effect proper service on ASUSTeK and ASM. Chang Decl. at ¶ 6, ECF 35-2.

What followed is an apparent comedy of errors between ASUSTeK and ASM regarding responsibility for answering VIA's complaint.[2] Because the litigation was directed toward technology developed by and acquired from ASM, ASUSTeK believed ASM to be responsible for selecting outside counsel for all defendants, including ACI. Shih Decl. at ¶ 6, ECF 39-2. Apparently because of its unfamiliarity with U.S. litigation, Huang Decl. at ¶ 3, ECF 35-7, ASM failed to timely secure defense counsel for this action, Chang Decl. at ¶ 2, ECF 35-2. Defense counsel was finally retained on September 30, 2014. *Id*.

The next day, defense counsel checked the electronic case docket for this action and saw that a motion for entry of default was pending. *Id*. at ¶ 3. The next day, Defendants' counsel contacted Plaintiffs' counsel and attempted to negotiate a stipulation to withdraw the motion and grant Defendants additional time to answer. *Id*. at ¶ 4. These negotiations continued for about two weeks, *id*. at ¶ 5, during which time default was entered against ACI, ECF 21. Defendants' counsel offered to waive foreign service requirements as to ASUSTeK and ASM by stipulating that service had been properly effected under the laws of the relevant jurisdiction, which would have cured VIA's inability to properly serve these Defendants. Lee/Chang emails at 1, ECF 35-3. Plaintiffs' counsel wanted Defendants to additionally waive any jurisdictional defenses relating to the enforceability of a U.S. judgment against ASUSTeK and ASM. Lee/Chang emails at 5, ECF35-5. After about two weeks, the parties still having failed to reach an agreement, ACI ended negotiations and filed this motion to set aside the entry of default. ECF 35.

## II. LEGAL STANDARD

An entry of default may be set aside upon a showing of good cause. FRCP 55(c). "To determine 'good cause,' a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no

---

[2] VIA objects to ACI's submission of a reply declaration explaining ASUSTeK's failure to answer VIA's complaint on the ground that the declaration contains new facts not included in ACI's moving papers. This objection is **OVERRULED**. ACI was not responsible for explaining ASUSTeK's failure to answer in its moving papers. VIA's opposition brief raised the argument that the lack of explanation regarding ASUSTeK's failure to answer should be imputed to ACI as evidence of intentionality. Because any new facts were only relevant as a reply to VIA's argument, their submission in ACI's reply is not improper.

2

meritorious defense; [and] (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations omitted). The 9th Circuit has instructed that "a case should, whenever possible, be decided on the merits." *Id*. Thus, the burden to show good cause to set aside an entry of default is not a heavy one, and the court weighs these three factors accordingly.

### III. DISCUSSION

All three factors relevant to a showing of good cause weigh heavily in favor of setting aside the entry of default. The court considers each in turn below.

#### A. CULPABLE CONDUCT

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (emphasis in original) (internal citations omitted). As the 9th Circuit has explained, "in this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process. We have typically held that a defendant's conduct was culpable for purposes of the good cause factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond. . . . [I]t is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." *Id*. (internal citations omitted).

This factor weighs heavily in favor of ACI. Not only is there no evidence that ACI acted with bad faith, there is no evidence that ACI made a conscious choice not to answer. All of the evidence suggests that ACI believed it *had* answered the complaint, based on ASUSTeK's representations that it would handle defense of the litigation. The court has no reason to doubt ACI's sincerity regarding these allegations, nor has VIA presented any evidence to call ACI's sincerity into question.

VIA attempts to circumvent this lack of intentionality by arguing that ACI's status as a legally sophisticated entity makes intentionality irrelevant. More specifically, VIA argues that the 9th Circuit's decision in *Mesle* recognizes a completely separate legal standard to be applied when the party seeking to set aside an entry of default is legally sophisticated. *See* Opposition Brief at 9 (referencing "*Mesle's* clarification regarding the heightened culpability standard for legally sophisticated entities"), ECF 38. Under VIA's interpretation of *Mesle*, the "intentionality" requirement does not apply at all to parties that are legally sophisticated and culpability may be found based on nothing more than failure to answer after actual or constructive notice. This interpretation is based on *Mesle*'s discussion of an earlier case, *Franchise Holding II v. Huntington Restaurants Grp.*, 375 F.3d 922 (9th Cir. 2004), which purported to find culpability in the absence of intentionality. *Mesle* discussed the relationship between this standard and the standard set forth in *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001), which made clear that "intentionality" is a requirement for culpability.

Far from establishing two different standards, *Mesle* expressly disclaimed any such intent by declaring that *Franchise Holding II* and *TCI Group* reflected the same standard applied in light of common sense factual presumptions: "It is possible to reconcile the language in *Franchise Holding II* with the standard in *TCI Group*. When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Mesle*, 615 F.3d at 1093. *Mesle* does not extinguish the intentionality requirement with respect to legally sophisticated entities; it merely establishes a presumption that it is met when the party in default is legally sophisticated. Importantly, nowhere in *Mesle* is there any suggestion that such a presumption is irrebuttable. The declarations of ACI overwhelmingly rebut any presumption of intentionality, and accordingly the court finds that ACI's default was not the result of culpable conduct.

This conclusion is further buttressed by the fact that, once defense counsel was retained, ACI promptly contacted VIA and attempted to negotiate a withdrawal of VIA's motion for entry of default. ACI would have been well within its rights to simply oppose the entry of default or move to set it aside once entered. But instead, ACI and its codefendants offered to waive requirements for

service of process on foreign Defendants ASUSTeK and ASM in exchange for VIA's dismissing its motion for entry of default. VIA suggests that ACI's later abandonment of negotiations is evidence of bad faith on the part of ACI. Opposition Brief at 6, ECF 38. According to ACI, ACI negotiated in good faith and abandoned negotiations only after it became clear that VIA would insist upon ASUSTeK and ASM's waiving certain jurisdictional defenses in addition to waiving service requirements. Lee/Chang emails at 1, ECF 35-5. But the court need not wade into whether ACI had a "good enough" reason for terminating negotiations. ACI was under no obligation to negotiate with VIA in the first place, and there is not sufficient evidence to find ACI's refusal to accept VIA's terms to be evidence of bad faith in negotiation.

### B.   MERITORIOUS DEFENSE

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation." *Id.* at 1094 (internal citations omitted).

ACI lists multiple defenses on the merits that it wishes to have adjudicated. *See* Opening Brief at 6-10. VIA responds by devoting 8 pages of its opposition brief to rebutting ACI's defenses. Opposition Brief at 11-19. Importantly, despite purporting to show that ACI's arguments are meritless on their face, VIA opposition brief relies on an in-depth analysis[3] of why ACI's case citations are distinguishable from the present case and why VIA's case citations are more on point. VIA's arguments on the merits may ultimately prove correct, but this is not the stage at which the court makes such determinations, nor is it a reason to deny ACI the opportunity to litigate this case on the merits. In evaluating this factor to determine whether good cause is shown to set aside the entry of default, it is sufficient to note that ACI has shown it intends to present non-frivolous

---

[3] The court does not mean to suggest that the issues have been fully briefed, but merely that the extent of the parties' arguments is evidence that the arguments are not frivolous on their face.

arguments in its defense, and is therefore ready and able to litigate this case on the merits. It would be premature to require any greater showing from ACI at this point. Accordingly, the court finds that the second factor weighs in favor of setting aside the entry of default.

### C. Prejudice to Plaintiff

The final factor to consider is whether setting aside the entry of default would prejudice Plaintiffs. "To be prejudicial, the setting aside of a [default] must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether plaintiff's ability to pursue his claim will be hindered." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (overruled on unrelated grounds). Additionally, "[i]t should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so. A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation." *Id.*

To its credit, VIA concedes in its opposition brief that "the prejudice to VIA in lifting the default here may not be of a degree to warrant denying ACI's motion on this basis alone." Opposition Brief at 19, ECF 38. However, VIA argues that the additional delay and expense attendant to the court's adjudication of this motion prejudice VIA. VIA therefore requests various sanctions against ACI in order to rectify this prejudice. Specifically, VIA points to "the additional expense caused by the delay, the hearing on the Rule 55(c) motion, and the introduction of new issues" as examples of prejudice that must be rectified. Opposition Brief at 19-20. This is an odd argument to make, since all of these expenses result, not from ACI's motion to set aside the entry of default, but from VIA's opposition to ACI's motion. To the extent VIA acknowledges that its prejudice from ACI's failure to timely answer the complaint was *de minimis*, it concedes that it was in a position to avoid these additional expense by simply leaving ACI's motion unopposed and proceeding to litigate the merits of the case.

Indeed, upon being contacted by ACI, VIA was in a position to render ACI's motion unnecessary. ACI contacted VIA in order to negotiate VIA's withdrawal of its motion for entry of

1  default. VIA could have accepted Defendants' offer to waive requirements for foreign service on
2  ASUSTeK and ASM. Had VIA done so, all three parties' answers to VIA's complaint might have
3  been received by now and there would be no additional prejudice for this court to rectify. VIA
4  instead chose to use its pending motion for entry of default as leverage in negotiations, attempting
5  to get a waiver of certain jurisdictional defenses on the part of ASUSTeK and ASM. The demand
6  for this waiver apparently turned out to be the sticking point that prompted ACI to abandon
7  negotiations and seek judicial assistance.[4]

### IV.  ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that: ACI's motion to set aside the entry of default is **GRANTED**. The entry of default is hereby **VACATED**.

Dated: February 3, 2015

                                                            _____
                                                            BETH LABSON FREEMAN
                                                            United States District Judge

---

[4] The court takes no position on the relative reasonableness of the parties' positions during the negotiation, but references the negotiation simply to note that any expenses incurred by VIA as a result of ACI's motion were not unilaterally foisted upon VIA by ACI.