UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIA TECHNOLOGIES, INC. (A CALIFORNIA CORPORATION), et al., <br><br> Plaintiffs, <br><br> v. <br><br> ASUS COMPUTER INTERNATIONAL, et al., <br><br> Defendants. | Case No. 14-cv-03586-BLF <br><br> **ORDER RE: MOTIONS TO SEAL** <br><br> **(Re: Docket Nos. 120, 122)** |

Before the court are two administrative motions to seal.[1] "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[2] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[3] Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action"[4] bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[5]

---

[1] *See* Docket Nos. 120, 122.

[2] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[3] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[4] *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).

[5] *Kamakana*, 447 F.3d at 1178-79.

1

Case No. 14-cv-03586-BLF
ORDER RE: MOTIONS TO SEAL

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[6] Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access.[7] Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c).[8] This standard requires a "particularized showing"[9] that "specific prejudice or harm will result" if the information is disclosed.[10] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[11] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[12] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[13]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to

---

[6] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[7] *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").

[8] *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).

[9] *Id.*

[10] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[11] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[12] *See Kamakana,* 447 F.3d at 1179-80.

[13] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

2
Case No. 14-cv-03586-BLF
ORDER RE: MOTIONS TO SEAL

Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[14]  "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[15]

With these standards in mind, the court rules on the instant motions as follows:

| **Motion to Seal** | **Document to be Sealed** | **Result** | **Reason/Explanation** |
|---|---|---|---|
| 120 | Defendants' Opposition to Plaintiffs' Motion to Compel | UNSEALED | Designated portions do not contain confidential business information. |
| 120 | Exhibits 1-3 to the Huang Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 122 | Plaintiffs' Reply in Support of Motion to Compel | UNSEALED | Designated portions do not contain confidential business information. |
| 122 | Exhibit 21 to the Liao Declaration | SEALED | Previously ordered to be filed under seal.[16] |

---

[14] Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[15] Civ. L.R. 79-5(e)(1).

[16] *See* Docket No. 89.

3

Case No. 14-cv-03586-BLF
ORDER RE: MOTIONS TO SEAL

| 122 | Exhibit 22 to the Liao Declaration | SEALED | Narrowly tailored to confidential business information. |
|---|---|---|---|
| 122 | Exhibit 23 to the Liao Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 122 | Exhibit 24 to the Liao Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 122 | Exhibit 25 to the Liao Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 122 | Exhibit 26 to the Liao Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 122 | Exhibit 27 to the Liao Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 122 | Exhibit 28 to the Liao Declaration | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |

**SO ORDERED.**

Dated: March 28, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No. 14-cv-03586-BLF
ORDER RE: MOTIONS TO SEAL