UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIA TECHNOLOGIES, INC. (A CALIFORNIA CORPORATION), et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>ASUS COMPUTER INTERNATIONAL, et al.,<br><br>        Defendants. | Case No. 14-cv-03586-BLF<br><br>**ORDER RE: MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF SEALING ORDER**<br><br>**(Re:  Docket No. 140)** |

Earlier today, the court unsealed certain documents filed by Defendants in connection with their opposition to Plaintiffs' motion to compel.[1]  At the same time, the court granted Plaintiffs' motion to seal certain other documents filed in support of their reply to the motion to compel.[2]  But because Defendants and Plaintiffs each filed the same document separately,[3] the court's order effectively treated two identical documents differently.  Plaintiffs now ask the court to revisit that decision.[4]

Where a party files documents that its opponent has designated as confidential, "the Submitting Party's declaration in support of the Administrative Motion to File Under Seal must

---

[1] *See* Docket No. 139.

[2] *See id.*

[3] *See* Docket Nos. 120-5, 122-5.

[4] *See* Docket No. 140.

1

Case No. 14-cv-03586-BLF
ORDER RE: MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF SEALING ORDER

identify the document or portions thereof which contain the designated confidential material."[5] Within four days, the party designating material as sealable—here, Plaintiffs—then "must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[6]

With respect to the documents at issue, the court specifically indicated that Plaintiffs had filed "[n]o declaration in support . . . as required by Civ. L.R. 79-5(e)(1)."[7] The declaration Plaintiffs filed with their reply to the motion to compel made no mention of the documents Defendants had filed with their opposition.[8] In the absence of a supporting declaration, the court might still have compared the document sought to be sealed with every other sealable document that looked sufficiently similar. But the clear instructions of Local Rule 79-5 spare courts that thankless task.

Plaintiffs' instant motion still does not remedy the defect. Instead of denying the motion, however, the court will give Plaintiffs a third bite at the apple. Plaintiffs shall file any declaration "establishing that all of the designated material is sealable"[9] by 5:00 PM tomorrow.

**SO ORDERED.**

Dated: March 28, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[5] Civ. L.R. 79-5(e).

[6] Civ. L.R. 79-5(e)(1).

[7] Docket No. 139 at 3.

[8] *See* Docket No. 122-1.

[9] Civ. L.R. 79-5(e)(1).

2
Case No. 14-cv-03586-BLF
ORDER RE: MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF SEALING ORDER