UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIA TECHNOLOGIES, INC. (A CALIFORNIA CORPORATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ASUS COMPUTER INTERNATIONAL, et al.,<br><br>Defendants. | Case No. 14-cv-03586-BLF<br><br>**ORDER GRANTING-IN-PART MOTION FOR LEAVE TO FILE AND MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO COMPEL**<br><br>**(Re: Docket No. 148)** |

Just under two months ago, the court granted-in-part a motion by Plaintiffs VIA Technologies, Inc. and VIA Labs, Inc. to compel Defendants ASUS Computer International, ASUSTek Computer Inc. and ASMedia Technology, Inc. to respond to a number of discovery requests related to VIA's trade secret claims.[1] In doing so, the court assessed the scope of VIA's trade secret disclosure[2] and found that it provided "practically no guidance on precisely what VIA claims as its trade secrets."[3] As a result, the court granted discovery only as to the twelve analog schematics that VIA had identified.[4]

---

[1] *See* Docket No. 148. VIA alleges that Defendants hired away some former VIA employees and that they took with them VIA's proprietary designs for USB controllers. *See* Docket No. 70 at ¶¶ 7-13, 36-53.

[2] *See* Cal. Civ. Proc. Code § 2019.210 ("In any action alleging the misappropriation of a trade secret . . . , before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity . . . .").

[3] Docket No. 148 at 6.

[4] *See id.* at 7.

1

Case No. 14-cv-03586-BLF
ORDER GRANTING-IN-PART MOTION FOR LEAVE TO FILE AND MOTION FOR
RECONSIDERATION OF ORDER ON MOTION TO COMPEL

VIA now asks the court to revisit that decision.[5] It does so on three grounds: (1) Defendants waived the requirement that claimed trade secrets be "identif[ied] with reasonable particularity"[6] by raising no objections to VIA's disclosure and proceeding with discovery; (2) the trade secret disclosure was adequate and (3) the court should have granted VIA leave to amend its trade secret disclosure to correct any deficiencies.

On the first two issues, VIA has not met the requirements of the Civil Local Rules. The moving party on a motion for reconsideration must show "a material difference in fact or law . . . from that which was presented to the [c]ourt," "[t]he emergence of new material facts or a change of law" or "[a] manifest failure by the [c]ourt to consider material facts or dispositive legal arguments which were presented to the [c]ourt before [the relevant] interlocutory order."[7] VIA argues that "Defendants never disputed the sufficiency of VIA's Disclosure, but the Court nevertheless *sua sponte* considered the issue."[8]

But the court did not find the disclosure wholly inadequate; it only found that it did not disclose all of the purported trade secrets on which VIA sought discovery. Put another way, the question before the court was not whether VIA's disclosure was sufficient in some abstract sense, but "what . . . VIA's trade secret disclosure actually disclose[d]."[9] Defendants certainly did dispute what VIA's disclosure covered,[10] and VIA contended that Defendants had waived this argument.[11] The court agreed with Defendants that the only trade secrets VIA had disclosed were

---

[5] *See* Docket No. 148.

[6] Cal. Civ. Proc. Code § 2019.210.

[7] Civ. L.R. 7-9(b).

[8] Docket No. 148 at 4.

[9] Docket No. 132 at 5.

[10] *See* Docket No. 120-4 at 6-10.

[11] *See* Docket No. 122-4 at 7-8.

the twelve schematics it specifically identified in its disclosure.[12] It also held that the court could consider the scope of the disclosure even if Defendants no longer objected to its adequacy.[13] These issues are not new, and the "extraordinary remedy" of reconsideration[14] is not warranted.

On the issue of amendment, however, VIA's argument is more persuasive. VIA notes that the court's order on the motion to compel was the first time the court had weighed in on any deficiencies in VIA's disclosure and that VIA has had no opportunity to correct those deficiencies. Furthermore, courts have often allowed parties to amend their trade secret disclosures to overcome their insufficiencies.[15] VIA deserves that chance too.[16]

Of course, VIA has not yet clarified how it intends to solve its problem. A trade secret disclosure must "identify or designate the trade secrets at issue with 'sufficient particularity' to limit the permissible scope of discovery."[17] The list of 12 schematics offers that particularity; the remainder of the disclosure does not. VIA does not offer to eliminate the vague and unhelpful language that the court highlighted in its order.[18]

---

[12] *See* Docket No. 132 at 5, 7.

[13] *See id.* at 5.

[14] *De La Torre v. CashCall, Inc.*, 56 F. Supp. 3d 1105, 1107 (N.D. Cal. 2014) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)).

[15] *See, e.g.*, *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 831-32 (2005); *Loop AI Labs, Inc. v. Gatti*, Case No. 15-cv-00798, 2015 WL 9269758, at *4 (N.D. Cal. Dec. 21, 2015); *Sys. Am., Inc. v. Softline, Inc.*, Case No. 96-cv-20730, 1996 U.S. Dist. LEXIS 22415, at *3 (N.D. Cal. Oct. 30, 1996).

[16] Defendants contend that VIA should file a separate motion to request leave to amend its trade secret disclosure. *See* Docket No. 152 at 14-15. The cases they cite, however, say only that the party must demonstrate good cause for any such amendment. *See, e.g.*, *Loop AI Labs*, 2015 WL 9269758, at *4; *Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d 1042, 1045 (N.D. Cal. 2004). Even assuming that VIA should have filed a separate motion, with the deadline for fact discovery fast approaching, the court sees no reason to stand on ceremony.

[17] *AMS*, 132 Cal. App. 4th at 835 (quoting *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164 (9th Cir. 1998)).

[18] *See* Docket No. 132 at 6.

3
Case No. 14-cv-03586-BLF
ORDER GRANTING-IN-PART MOTION FOR LEAVE TO FILE AND MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO COMPEL

VIA's only proposed change is an incomplete solution. In its operative trade secret disclosure, VIA says that its "trade secret analog designs . . . include, but are not limited to, the documents produced" within a Bates range.[19] VIA suggests adding an index listing the schematic and project names corresponding to each Bates-numbered document.[20] To the extent the index contains titles of additional schematics that VIA claims as trade secrets, including those titles in the disclosure itself would identify those schematics as claimed trade secrets with reasonable particularity.[21] That in turn would require Defendants to produce their own schematics corresponding to those titles. But it would not open the door to discovery of all of the schematics for all of Defendants' USB products, or even to all of the schematics for the functional areas that VIA alleges that Defendants copied. And if VIA intends to claim that any combination of features in its products forms a trade secret, its disclosure must "describe how it believes the combination of these features distinguish[es] the alleged trade secrets from the prior art, or matters within the general knowledge of people in [its] industry."[22]

VIA may file an amended trade secret disclosure within 14 days. Defendants will then have 21 more days to produce any new documents that the amended disclosure renders responsive to VIA's requests for production.

---

[19] Docket No. 120-5 at 1.

[20] *See* Docket No. 148-2.

[21] Whether those schematics actually constitute trade secrets, of course, is a separate question. *See Brescia v. Angelin*, 172 Cal. App. 4th 133, 149 (2009).

[22] *AMS*, 132 Cal. App. 4th at 836. VIA has identified that certain features of its chip designs "are responsible for the power efficiency of its chipsets," and it has indicated that components with those features fit together into a single functional chip. *See* Docket No. 120-5 at 3. It has not explained, however, how "the combination of these features [is] itself unique and secret." *AMS*, 132 Cal. App. 4th at 832.

4
Case No. 14-cv-03586-BLF
ORDER GRANTING-IN-PART MOTION FOR LEAVE TO FILE AND MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO COMPEL

**SO ORDERED.**

Dated: May 13, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge