UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIA TECHNOLOGIES, INC. (A CALIFORNIA CORPORATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ASUS COMPUTER INTERNATIONAL, et al.,<br><br>Defendants. | Case No. 14-cv-03586-BLF<br><br>**ORDER GRANTING-IN-PART MOTION TO STRIKE DECLARATION OF MIGUEL GOMEZ**<br><br>**(Re: Docket No. 124)** |

Plaintiffs VIA Technologies, Inc. and several related and similarly named companies allege that Defendants ASUS Computer International and its corporate siblings infringe several VIA patents.[1] The presiding judge has scheduled a claim construction tutorial for May 26 and a claim construction hearing for June 10.[2] Along with its opening claim construction brief, VIA submitted a declaration by VIA's technical expert, Miguel Gomez, containing his opinions on the background of the technology and how the claims should be construed.[3] Defendants now move to strike large portions of that declaration on the grounds that VIA failed to disclose the opinions in those paragraphs as required by the Patent Local Rules of this district.[4] The motion is GRANTED-IN-PART.

---

[1] *See* Docket No. 70 at ¶¶ 7-18, 54-75.

[2] *See* Docket No. 128.

[3] *See* Docket No. 116-16.

[4] *See* Docket No. 124.

1
Case No. 14-cv-03586-BLF
ORDER GRANTING-IN-PART MOTION TO STRIKE DECLARATION OF MIGUEL GOMEZ

# I.

A party intending to support its claim construction positions with testimony from an expert first must "provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction."[5] The party should hand over this description when the parties exchange their preliminary claim constructions.[6] Another rule directs each party to "identif[y] any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including . . . testimony of percipient and expert witnesses."[7] That identification must be contained within a joint claim construction and prehearing statement.[8] Claim construction discovery, "including any depositions with respect to claim construction of any witnesses, including experts," must be completed no more than 30 days after the parties file their joint claim construction and prehearing statement.[9]

In this case, VIA included with its preliminary claim constructions high-level "[d]escription[s] of the substance of anticipated testimony of Miguel Gomez."[10] For example, for the first disputed claim term, VIA provided this description of Gomez' proposed testimony:

> The term recites sufficiently definite structure to a person of ordinary skill. A person of ordinary skill would understand that the term has a generally understood plain and ordinary structural meaning, or, in general, means a module that converts parallel data into serial data and delayed serial data. A person of ordinary skill would find that the intrinsic record confirms that understanding. A person of ordinary skill would not view the term as a purely functional term. And a person of ordinary skill would understand, based on the claim language and intrinsic record, the scope of the term with reasonable certainty. A person of ordinary skill would

---

[5] Pat. L.R. 4-2(b).

[6] *See id.*

[7] Pat. L.R. 4-3(b).

[8] *See* Pat. L.R. 4-3.

[9] Pat. L.R. 4-4.

[10] Docket No. 124-2, Ex. A at 2-16.

2

Case No. 14-cv-03586-BLF
ORDER GRANTING-IN-PART MOTION TO STRIKE DECLARATION OF MIGUEL GOMEZ

conclude that the extrinsic record confirms this understanding of the term.[11]

VIA did not indicate that Gomez intended to testify to the background of the technology. The joint claim construction statement included the following summary of his expected testimony:

> Mr. Gomez may provide opinions regarding the disputed claim terms, the definition and qualifications of one of ordinary skill in the art, the state of relevant technology at the time the patents were filed, and rebuttal opinions to constructions offered by the Defendants or any expert on which the Defendants may rely.[12]

A more detailed listing of his opinions followed, using largely the same language from VIA's preliminary contentions.[13] This time, VIA did say that Gomez "[wa]s expected to testify regarding . . . [a]n overview of the technology disclosed the [sic] asserted patents (including the background and context of the technology)."[14]

Defendants then deposed Gomez during claim construction discovery. Gomez testified that he did not "have a final declaration of any sort" yet, but that he had "been told that [he] may be working on one."[15] After claim construction discovery closed, Gomez delivered that declaration, which VIA attached to its opening claim construction briefing.[16] The declaration contained 36 paragraphs of Gomez' opinions on the technical background as well as his opinions on certain disputed claim terms.[17] Defendants filed this motion a month later.[18]

---

[11] *Id.* at 2.

[12] Docket No. 109 at 7.

[13] *See id.* at 7-12.

[14] *Id.* at 7.

[15] Docket No. 124-5 at 139:9-18.  In the same vein, he also told Defendants that he had not yet "been asked to render an opinion on any of the subject matter at this point." *Id.* at 20:22-21:5, *see also id.* at 11:25-12:8, 78:24-79:4, 86:21-87:6, 89:4-13, 96:2-6, 187:15-21.

[16] *See* Docket No. 116-16.

[17] *See id.* at ¶¶ 44-78, 82, 85, 99, 103, 104.1, 104.2.

[18] *See* Docket No. 124.

3
Case No. 14-cv-03586-BLF
ORDER GRANTING-IN-PART MOTION TO STRIKE DECLARATION OF MIGUEL GOMEZ

## II.

The Patent Local Rules set up a straightforward process for parties to disclose expert opinions they intend to rely on during claim construction. At the outset, a party planning to call an expert must "provide a description of the substance of [the expert's] proposed testimony."[19] In particular, that description must "include[] a listing of any opinions to be rendered in connection with claim construction."[20] And, in the joint claim construction and prehearing statement, the party must identify that the expert's testimony is among the extrinsic evidence on which the party will rely.[21] If the party additionally proposes to call the expert witness to testify live at the hearing, it must include in the joint claim construction and prehearing statement "a summary of [the expert's] testimony including . . . each opinion to be offered related to claim construction."[22] Claim construction discovery commences thereafter.[23]

For this sequence of events to make any sense, the expert opinions disclosed must enable useful discovery about those opinions. To be sure, the Patent Local Rules have been amended to remove a requirement that the "summary of each opinion to be offered" be disclosed "in sufficient detail to permit a meaningful deposition of that expert."[24] But that amendment preserved the

---

[19] Pat. L.R. 4-2(b).

[20] *Id.*

[21] *See* Pat. L.R. 4-3(b). If the party "proposes to call one or more [expert] witnesses at the Claim Construction Hearing," the party must include in the joint claim construction and prehearing statement "a summary of [the expert's] testimony including . . . each opinion to be offered related to claim construction." Pat. L.R. 4-3(e). Taking the Rule's plain language at face value, it only applies to witnesses who will testify live at the claim construction hearing. *But see HTC Corp. v. Tech. Props. Ltd.*, Case No. 08-cv-00882, 2010 WL 4973628, at *1 (N.D. Cal. Dec. 1, 2010); *Friskit, Inc. v. RealNetworks, Inc.*, Case No. 03-cv-05085, 2005 WL 6249309, at *1 (N.D. Cal. Mar. 22, 2005). Because VIA does not intend to call Gomez to testify at the hearing, this subsection does not apply.

[22] Pat. L.R. 4-3(e).

[23] *See* Pat. L.R. 4-4.

[24] *Friskit*, 2005 WL 6249309, at *1; *see Reflex Packaging, Inc. v. Lenovo (U.S.), Inc.*, Case No. 10-cv-01002, 2011 WL 7295479, at *2 (N.D. Cal. Apr. 7, 2011).

4
Case No. 14-cv-03586-BLF
ORDER GRANTING-IN-PART MOTION TO STRIKE DECLARATION OF MIGUEL GOMEZ

disclosure requirement.  Even if "a less detailed description is permissible" under the amended Rule,[25] that description cannot merely be a list of topics without "a listing of [the] opinions" themselves.[26]

Against this standard, VIA's disclosure was insufficient.  For example, with respect to the first disputed claim term, VIA simply told Defendants that Gomez would testify that "a person of ordinary skill in the art would understand . . . the scope of the term with reasonable certainty" and interpret "parallel-to-serial unit" to mean "a module that converts parallel data into serial data and delayed serial data."[27]  In his declaration, however, Gomez explained for the first time how the unit might be implemented and why the term "unit" would not confuse a POSITA.[28]  Without this explanation, Defendants had no guidance on how to conduct a useful deposition; by the time they received it, the window for discovery had long since closed.  And, of course, VIA's initial disclosure made no mention of the fact that Gomez intended to offer pages of opinions on the background of the technology.[29]

All that said, striking testimony altogether is the court's last resort.[30]  Instead, given the relative banality of the opinions at issue and the weeks remaining until the claim construction hearing, a more appropriate remedy would be a further opportunity for Defendants to explore the opinions that Gomez did not disclose in advance.  Accordingly, VIA shall make Gomez available for three hours of additional deposition by May 27, 2016.  To the extent this deposition necessitates additional claim construction briefing, the parties should seek the presiding judge's leave to file any supplemental briefs.

---

[25] *Reflex Packaging*, 2011 WL 7295479, at *2.

[26] Pat. L.R. 4-2(b).

[27] Docket No. 124-2, Ex. A at 2.

[28] Docket No. 116-16 at ¶¶ 82, 85.

[29] *See* Docket No. 124-2, Ex. A; Docket No. 116-16 at ¶¶ 44-78.

[30] *See Reflex Packaging*, 2011 WL 7295479, at *1 (citations omitted).

1  **SO ORDERED.**

2  Dated: May 13, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

6

Case No. 14-cv-03586-BLF
ORDER GRANTING-IN-PART MOTION TO STRIKE DECLARATION OF MIGUEL GOMEZ