E-filed 10/12/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIA TECHNOLOGIES, INC. (A CALIFORNIA CORPORATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ASUS COMPUTER INTERNATIONAL, et al.,<br><br>Defendants. | Case No.14-cv-03586-BLF   (HRL)<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT REPORT #1**<br><br>Re: Dkt. No. 177 |

Plaintiffs Via Technologies, Inc. (California), Via Technologies, Inc. (Taiwan), and Via Labs, Inc. (together, "VIA") seek an order compelling the defendants to produce analog schematics corresponding to the *schematics* identified in VIA's second amended trade secret disclosure, rather than schematics corresponding only to the *titles* of the schematics VIA has identified. Additionally, VIA seeks an order compelling the production of digital designs corresponding to those it identified in its trade secret disclosure. VIA argues that these disclosures are compelled by a proper reading of the Court's order of May 13, 2016 (Dkt. No. 157). Defendants, particularly defendant ASMedia Technology, Inc. ("ASMedia"), argue that they are in compliance with this order and that further discovery related to digital designs is improper.

**Background**

This dispute has its origins in VIA's first amended trade secret disclosure, the document that, under California Code of Civil Procedure Section 2019.210, determines the scope of discovery in trade secret misappropriation cases. When VIA requested production related to this disclosure, ASMedia objected and produced only limited documents. In response to VIA's

subsequent motion to compel, the Court found VIA's disclosure insufficient to identify its trade secrets with "reasonable particularity," the standard required by Section 2019.210, except for 12 schematics the disclosure specifically identified. Dkt. No. 132. The Court ordered the defendants to produce documents corresponding to those 12 schematics. *Id.*

VIA responded to this order by requesting leave to file a motion for partial reconsideration, or, in the alternative, for leave to amend its trade secret disclosure. Dkt. No. 148. The Court denied the motion for partial reconsideration, but granted the request for leave to amend. In the key passage of the order, Judge Grewal stated:

> In its operative trade secret disclosure, VIA says that its 'trade secret analog designs . . . include, but are not limited to, the documents produced' within a Bates range. VIA suggests adding an index listing the schematic and project names corresponding to each Bates-numbered document. *To the extent the index contains titles of additional schematics that VIA claims as trade secrets, including those titles in the disclosure itself would identify those schematics as claimed trade secrets with reasonable particularity. That in turn would require Defendants to produce their own schematics corresponding to those titles.* But it would not open the door to discovery of all of the schematics for all of Defendants' USB products, or even to all of the schematics for the functional areas that VIA alleges that Defendants copied.

Dkt. No. 157 (emphasis added). Shortly after, VIA timely filed its second amended trade secret disclosure, including a lengthy index listing the titles, project names, and Bates numbers of over one thousand analog schematics, each of which is claimed as an individual trade secret. Dkt. No. 164. VIA's second amended disclosure also includes a list of 39 digital designs that VIA believes defendants copied. *Id*.

## The Current Dispute

ASMedia responded to the second amended disclosure by producing analog schematics with titles matching the titles of the analog designs that VIA identified. In the Discovery Dispute Joint Report, ASMedia argues that this is all that is required of it. First, ASMedia states that, practically, this is all it can provide. As a result of VIA's designating its schematics "Highly Confidential/Trade Secret," ASMedia says "the only information [it] can see is the title of the schematics . . . , and thus the only information [it] can use to perform a search is the title of each

1  schematic." Dkt. No. 177.  ASMedia also argues that, due to the large number of schematics VIA
2  listed (over one thousand), a comprehensive search would be overly burdensome.  Second,
3  ASMedia asserts that Judge Grewal's order "refers specifically to the titles" of the schematics and
4  does not require comparisons of the schematics or their roles, utility, or functions.  Finally,
5  ASMedia argues that VIA was barred from seeking discovery on its digital designs because its
6  request for leave to amend was limited to analog schematics.  *Id.*

7  VIA argues that this is a cramped and incorrect reading of Judge Grewal's order.  It argues
8  that the order requires ASMedia to compare its schematics to the schematics VIA claimed as trade
9  secrets in its index (and not just to their titles).  To the extent that such comparisons would be
10 overly burdensome, VIA offered to have an independent expert conduct the review of ASM's
11 schematics.  VIA also argues that it was permitted to amend its trade secret disclosure to include
12 digital designs, because Judge Grewal's order "does not expressly bar" such amendments.  *Id.*

### Discussion

14 Turning first to the dispute concerning the scope of analog schematic discovery permitted
15 by Judge Grewal's order, the Court is persuaded that ASMedia's reading of the order is incorrect.
16 The order states, "including . . . titles [of additional schematics that VIA claims as trade secrets] in
17 the disclosure itself would identify *those schematics* as claimed trade secrets with reasonable
18 particularity."  Dkt. No. 157 (emphasis added).  The schematics are the claimed trade secrets; the
19 titles here serve only as a means of identifying them.  The schematics, not the titles, are being
20 identified and disclosed with reasonable particularity, and they, not the titles, set the scope of
21 discovery.  While the next sentence does state that the defendants would need "to produce their
22 own schematics *corresponding to those titles*," the word "titles" is again being used as a shorthand
23 for the underlying schematics.  The latter sentence does *not* permit the defendant to disclose only
24 its own schematics with *titles* matching the titles in VIA's index; a more in-depth schematic-to-
25 schematic comparison is needed.

26 The Court thus reads Judge Grewal's order to require ASMedia to disclose its own

schematics corresponding to the schematics named by VIA in its index.[1] But this interpretation does not resolve all of the issues related to analog schematics presented in the Discovery Dispute Joint Report. Defendants assert that searching for documents that correspond to the listed schematics would be overly burdensome because of the index's size and impossible because of the "Highly Confidential" designation VIA has assigned to its schematics (making only the titles visible to ASMedia). Dkt. No. 177.

The parties propose different solutions to these problems. VIA suggests having an independent expert review ASMedia's schematics and compare them to VIA's schematics. ASMedia suggests that VIA identify a small subset of schematics that VIA "truly believes are the most egregious examples of misappropriation and allow ASMedia to see the actual schematics" to enable ASMedia to find responsive documents. *Id.*

In crafting the appropriate solution, this Court is guided by the proportionality requirement of Federal Rule of Civil Procedure 26(b) and the purposes of the trade secret disclosure required by California Code of Civil Procedure Section 2019.210: (1) "promot[ing] well-investigated claims and dissuad[ing] the filing of meritless trade secret complaints[;]" (2) "prevent[ing] plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets[;]" (3) "assist[ing] the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope[;]" and (4) "enabl[ing] defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation." *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 985 (S.D. Cal. 1999); *see also Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835-36 (2005).

Focusing first on the fourth purpose of Section 2019.210, to enable ASMedia to prepare a defense against claims that it has misappropriated trade secrets, it will need to know the *substance*

---

[1] The court repeats Judge Grewal's note that the scope of discovery created by VIA's amendment is narrower than the scope sought in VIA's initial requests for production: this order does not "open the door to discovery of all of the schematics for all of Defendants' USB products, or even to all of the schematics for the functional areas that VIA alleges that Defendants copied." Dkt. No. 157. The scope remains limited to the listed schematics themselves.

of the secrets it has allegedly stolen—that is, the contents of the schematics, not just their titles. VIA's suggestion that an independent expert review its schematics and search for ASMedia's corresponding schematics does not serve this purpose. Thus, the Court instructs VIA to allow ASMedia to see the allegedly misappropriated schematics so that ASMedia may produce responsive documents.[2]

Turning next to look at all of the purposes of Section 2019.210 and Rule 26(b) listed above, none of these interests is served by allowing discovery to go forward on over one thousand schematics. It is impossible for VIA to effectively prosecute and for ASMedia to effectively defend a claim regarding so many trade secrets in a two-week trial. VIA must limit the scope of its trade secret disclosure—and, thus, its requested discovery—to a more reasonably proportional number of trade secrets.

To the extent that VIA argues that a combination of *all* of its analog schematics is one of its trade secrets (and thus that discovery should be permitted on all one-thousand-plus schematics), the Court is not persuaded that VIA has described *how* the combination of features in these schematics constitutes a trade secret (or secrets) with sufficient particularity. VIA's second amended trade secret disclosure states that "VIA is claiming as a trade secret the particular manner in which it has selected, arranged and connected particular schematics components to implement particular functionalities." Dkt. No. 164-3, at 54. But VIA does not state what these components or functionalities are with sufficient particularity for the Court or the defendants to identify which schematic arrangements and connections are claimed trade secrets. To the extent that VIA suggests that all of the analog schematics and all of the functions are the combination trade secret(s), VIA "is not entitled to include broad, 'catch-all' language as a tactic to preserve an unrestricted, unilateral right to subsequently amend its trade secret statement" or "to hide its trade

---

[2] *See Perlan Therapeutics, Inc. v. Superior Court*, 178 Cal. App. 4th 1333, 1353-54 (2009) (noting that the court may make plaintiffs "go first" by requiring additional disclosures in a trade secret statement). The court also notes that the disclosure of a plaintiff's entire trade secret is typically not required to satisfy the "reasonable particularity" standard, *Advanced Modular Sputtering*, 132 Cal. App. 4th at 836, and the Court does not hold that it is required to satisfy that standard here. Rather, given the circumstances of this case and the Court's reluctance to revisit Judge Grewal's order on reasonable particularity, the Court frames this aspect of its order as a practical accommodation to facilitate discovery.

5

secrets in 'plain sight' by including . . . voluminous attachments in its trade secret statement." *Perlan Therapeutics, Inc. v. Superior Court*, 178 Cal. App. 4th 1333, 1350 (2009). Instead, VIA must make a "fair, proper, just and rational" showing "to identify its alleged trade secret in a manner that will allow the trial court to control the scope of subsequent discovery . . . and allow [the parties] a fair opportunity to prepare and present their best case of defense . . . ." *Advanced Modular Sputtering*, 132 Cal. App. 4th at 835-36. Its vague statements that a combination of features in over a thousand schematics represents a trade secret do not constitute such a showing.

VIA makes a proper showing about a combination trade secret in one instance. VIA has identified certain features of its chip designs responsible for power efficiency and described how these components work together in combination. In Judge Grewal's order, the Court noted that VIA had not yet explained how this combination of features was "unique and secret." Dkt. No. 157. The Court is persuaded that VIA's second amended trade disclosure and the supporting expert declaration have made a sufficient showing with respect to these power efficiency features. The declaration describes the extensive design and evaluation process for creating component arrangements that are "not generally known to those of skill in the industry or the public." Gomez Decl. at ¶¶ 18-22.[3] These descriptions identify the power efficiency combination trade secret with sufficient particularity.

The Court permits discovery to go forward on the schematics described in the power efficiency section of the second amended trade secret disclosure. As for the other schematics that VIA alleges as individual trade secrets, the Court will permit discovery on 24 additional analog schematics selected by VIA. In combination with the digital designs (discussed below) and the power efficiency combination trade secret, this number of schematics creates a reasonably proportional scope of discovery. As stated above, VIA must disclose all of these schematics to ASMedia in full.

Turning next to the digital designs, the Court must address whether Judge Grewal's orders

---

[3] This showing of uniqueness and secrecy, however, is insufficient to identify *other* combination trade secrets alleged by VIA with reasonable particularity where the combinations themselves have not been sufficiently described. *See Perlan Therapeutics*, 178 Cal. App. 4th at 1350.

1 permitted VIA to include digital designs in its second amended trade secret disclosure.

2 In permitting VIA to amend its disclosure, Judge Grewal stated that "courts have often allowed parties to amend their trade secret disclosures to overcome their insufficiencies. VIA deserves that chance, too." Dkt. No. 157, at p. 3.

Judge Grewal did not limit the insufficiencies that could be corrected to analog schematics only. Instead, the Court reads his order to allow VIA the chance to amend any disclosures that were insufficient. Thus, if VIA insufficiently described its digital designs in its first amended trade secret disclosure, the Court is persuaded that Judge Grewal's order permitted VIA to amend its disclosure to include more particularized information about its digital designs.

VIA's first amended trade secret disclosure describes, albeit with insufficient particularity, its digital designs. The disclosure states, "VIA's digital designs . . . also constitute protectable trade secrets," and, "VIA believes that ASM[edia] has also copied its digital designs." Dkt. No. 122-5. Though this disclosure is not sufficiently particular to permit discovery on the digital designs, it is sufficiently "insufficient" to allow amendment under Judge Grewal's order.

The Court is not persuaded by ASMedia's argument that VIA should be barred from adding digital designs to its amended disclosure because it did not request leave to include those designs in its amendments. In the relevant section of its motion for leave to amend, VIA requested "leave to amend the Disclosure to include a written index of all the documents that were misappropriated by Defendants in a form such as the index attached . . . ." Dkt. No. 148. This statement proposes a method by which VIA would amend its trade secret disclosure (i.e., it would add an index "in a form such as the index attached"). The proposal is open-ended and not limited to the documents included in the referenced index.

VIA was thus not prohibited from including digital designs in its second amended disclosure.

**Conclusion**

The Court orders VIA to limit the scope of its relevant requested discovery to 24 analog schematics of its choice, in addition to those schematics included in the power efficiency combination trade secret, and instructs VIA to disclose these schematics to ASMedia. The Court

7

1  orders ASMedia to produce its schematics corresponding to the schematics, not just the titles,
2  disclosed by VIA pursuant to this order.  Finally, ASMedia shall also produce documents
3  responsive to the digital designs identified in VIA's second amended trade secret disclosure.
4      Discovery in this case was originally scheduled to close in June 2016, and the close of fact
5  discovery has been rescheduled to November 18, 2016.  In light of this upcoming deadline, the
6  Court instructs VIA to make its disclosures pursuant to this order by October 22, 2016.  ASMedia
7  shall produce its responsive documents by November 7, 2016.
8      **IT IS SO ORDERED.**
9  Dated: 10/12/2016

_____
HOWARD R. LLOYD
United States Magistrate Judge