E-filed 11/10/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIA TECHNOLOGIES, INC. (A CALIFORNIA CORPORATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ASUS COMPUTER INTERNATIONAL, et al.,<br><br>Defendants. | Case No.14-cv-03586-BLF   (HRL)<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT REPORT NUMBER 3**<br><br>Re: Dkt. No. 183 |

In their third discovery dispute joint report, the parties dispute whether the court should compel the plaintiffs, VIA Technologies, Inc. (California), Via Technologies, Inc. (Taiwan), and Via Labs, Inc. (together, "VIA"), to produce Wen-Chi Chen, the President and CEO of VIA, for a deposition. For the reasons described below, the court compels the deposition of Wen-Chi Chen.

## BACKGROUND

VIA sues defendants Asus Computer International, Asustek Computer, Inc., and ASMedia Technology, Inc. ("Defendants") for patent infringement and misappropriation of trade secrets. Dkt. No. 70. VIA alleges that dozens of VIA employees left to work for Defendants in 2007, *id.* at ¶ 36, and that they improperly acquired and used VIA's trade secret information, *id.* at ¶ 81.

One of the employees who left VIA in 2007 was Chewei Lin ("Lin"), who became the President of defendant ASMedia. Prior to his departure, Lin met with VIA's President and CEO, Wen-Chi Chen. Dkt. No. 183, at 1. Nobody else attended this meeting. *Id.* As a result of the meeting, Chewei Lin signed a Letter of Commitment stating that he would not "poach" any VIA employees, with the exception of 18 specific employees named in an attachment to the letter. Dkt. No. 183, Ex. B.

In the present Discovery Dispute Joint Report, Defendants seek to depose Wen-Chi Chen

to discover his "unique knowledge concerning this meeting and the circumstances leading to the ultimate written agreement," and they are willing to limit the scope of the deposition to these subjects. Dkt. No. 183, at 1. Defendants assert that the Letter of Commitment demonstrates that Lin and 18 other employees left with VIA's knowledge and consent, and that "[t]he information known by VIA at the time of the alleged employee exodus from VIA to ASMedia is highly relevant to several affirmative defenses in this case, such as waiver." Dkt. No. 183, at 2.

Further, Defendants assert that they first requested Wen-Chi Chen's deposition in May 2016 (with discovery at that time set to close in June). Defendants, after the parties re-negotiated the schedule and pushed the fact discovery deadline to November 18, again requested the deposition of Wen-Chi Chen at meetings in August, September, and October. Only in early October, Defendants assert, did VIA "definitively" refuse to produce Wen-Chi Chen for a deposition.

VIA responds that it is not claiming a violation of non-compete agreements and that the circumstances surrounding the Chen/Lin meeting are thus not relevant to any claim or defense. Next, VIA questions whether Wen-Chi Chen has unique, non-repetitive knowledge of the meeting, given that (1) the meeting resulted in a written document, the Letter of Commitment, and (2) Lin e-mailed two lower-level VIA employees a list of the 18 employees specified in the Letter. Dkt. No. 138, at 7-8. Further, VIA asserts that an "apex deposition" of its highest-ranking official is inappropriate given that defendants have not exhausted less intrusive methods of discovery: they have not, VIA states, "served a single interrogatory on the subject matter" or noticed a single deposition of a lower-ranking employee. *Id.*

VIA notes that defendants did serve a 30(b)(6) deposition notice seeking testimony from VIA on the facts and circumstances related to the Letter of Commitment. Dkt. No. 183, Exs. C, D. In response to this request, VIA has offered to make Miller Chen, its Vice President and CFO, available for deposition on November 16. Dkt. No. 183, at 8. If, after this deposition, defendants can show that Wen-Chi Chen has unique knowledge, VIA says it will make him available for a deposition. *Id.*

**DISCUSSION**

Parties seeking to prevent a deposition carry "a heavy burden to show why discovery should be denied." *In re Google Litig.*, No. C 08-03172 RMW (PSG), 2011 WL 4985279, at *2 (N.D. Cal., Oct. 19, 2011) (quoting *Websidestory, Inc. v. Netratings, Inc.*, C06-408, 2007 WL 1120567, at *2 (S.D. Cal., Apr. 6, 2007)). "Absent extraordinary circumstances, it is very unusual for a court to prohibit the taking of a deposition." *Id.* At the same time, so-called "apex" depositions of high-level corporate or government officials present a "tremendous potential for abuse or harassment," and courts have been willing to limit discovery in some instances. *Celerity, Inc. v. Ultra Clean Holdings, Inc.*, No. C 05-4374 MMC (JL), 2007 U.S. Dist. LEXIS 8295 (N.D. Cal. Jan. 25, 2007). In determining whether to allow an apex deposition, courts consider "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *In re Google Litig.*, 2011 WL 4985279, at *2. The apex witness's busy schedule or claimed lack of knowledge will not, alone, preclude a deposition. *Id.* "When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Id.*

Before analyzing Wen-Chi Chen's knowledge of the facts and whether Defendants have exhausted less intrusive methods of discovery, the court first addresses VIA's objection that the deposition seeks information that is not material or relevant to any claim or defense. VIA argues that it is not alleging a violation of a non-compete agreement, and that its knowledge of its former employees' departure is not relevant to its claim for trade secret misappropriation or any of Defendants' asserted defenses. Dkt. No. 183, at 6, 7-8. Defendants respond that VIA's Second Amended Complaint accuses Defendants of "inducing the mass theft of trade secret information and of inducing employee defection[,]" and that VIA's knowledge of the circumstances surrounding its former employees' departure is relevant to Defendants' waiver defense. *Id.* at 4.

Predicting what Defendants will learn from a deposition is a tricky business. The court knows even less than the parties about what a deposition is likely to uncover. Fortunately, the court need not predict whether relevant information *will* emerge; it needs only determine whether relevant information *could* emerge. Based on the parties' submissions and the liberal standard for

3

permitting discovery, the court is persuaded that the circumstances surrounding the departure of VIA employees may contain or lead to information relevant to either the trade secret misappropriation claim or the waiver defense. And Defendants' proposed limits on the scope and duration of the deposition keep the request within the realm of proportionality.

**1. Whether Wen-Chi Chen Has Unique, First-Hand, Non-Repetitive Knowledge.**

Courts have declined to permit the depositions of apex officials when those officials lacked unique, non-repetitive, first-hand knowledge of the facts at issue. *Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. C 05-4374 MMC (JL), 2007 U.S. Dist. LEXIS 8295, at *3 (N.D. Cal., Jan. 25, 2007). Wen-Chi Chen was one of two participants in the in-person meeting discussed in the joint report (the other was Lin). From this, it is logical to conclude that he may have unique, first-hand, non-repetitive information regarding the conversation and other circumstances occurring at and prior to that meeting that others—who were not there—would not possess.

The court is not persuaded that the e-mail from Lin to two other VIA employees listing the names of the 18 employees makes Wen-Chi Chen's knowledge repetitive, as the meeting may have had a broader scope than those 18 names. The Letter of Commitment itself also does not necessarily render Wen-Chi Chen's knowledge redundant. The conversation and circumstances surrounding the in-person meeting may have differed from the contents of the Letter, and it is entirely plausible that only a direct participant in the meeting would know the substance of the differences. It is, of course, also possible that the Letter is a perfect reflection of the meeting; but the purpose of discovery is to uncover such details. *See In re Nat'l W. Life Ins. And Deferred Annuities Litig.*, No. 05-cv-1018-AJB (WVG), 2011 U.S. Dist. LEXIS 37746 (S.D. Cal., Apr. 6, 2011) (permitting the deposition of apex witnesses even though the plaintiff's assertion that they had unique information may have been wrong).

**2. Whether Defendants Have Exhausted Less Intrusive Methods of Discovery.**

Courts may prevent or defer apex depositions where the party seeking the deposition has not exhausted less intrusive methods of discovery. *Celerity, Inc. v. Ultra Clean Holdings, Inc.*, No. C 05-4374 MMC (JL), 2007 US Dist. LEXIS 8295 (N.D. Cal., Jan. 25, 2007). Here, the court finds the case *WebsideStory, Inc. v. Netratings, Inc.* instructive. No. 06-cv-408 WQH (AJB), 2007

WL 1120567 (S.D. Cal., Apr. 6, 2007). In that case, the party seeking an apex deposition served a Rule 30(b)(6) deposition notice on the resisting party several months prior to the court's order, and both parties delayed taking depositions. *Id.* at *4. In light of these self-inflicted delays, the court found the resisting party's argument that the requesting party should be required to exhaust other forms of discovery disingenuous. *Id.*

In the present case, Defendants assert that they first requested Wen-Chi Chen's deposition in May 2016, shortly before discovery was set to close in June. After the close of discovery was pushed back to November, Defendants renewed their request in August, September, and October. But only in early October did VIA "definitively" refuse to produce Wen-Chi Chen, leading to the filing of this discovery dispute joint report several weeks before the new close of discovery. VIA admits that Defendants requested the individual deposition of Wen-Chi Chen in May, but asserts that they did not "detail[] their intent to depose" him until September. Dkt. No. 183, at 8. VIA also notes that it has offered to make its Vice President and CFO available for a deposition on November 16, two days prior to the close of discovery, in response to defendants' 30(b)(6) deposition notices related to these issues.

Considering how both parties have delayed and left matters to the last minute, the court finds VIA's argument that Defendants have not exhausted other options unpersuasive. Had this dispute been resolved in June or July, there would have been ample opportunity for Defendants to try less intrusive methods first. Now, the clock is ticking. Additionally, in light of the fact that Wen-Chi Chen and Lin were the only participants in the in-person meeting at issue, suggesting that Chen's knowledge of the meeting may be unique, the court doubts that depositions of lower-ranking VIA officials would provide Defendants with the information they seek in any case.

## CONCLUSIONS

Via has not shown that Wen-Chi Chen lacks unique, non-repetitive, first-hand knowledge of the circumstances leading up to and during the meeting at issue, and it has not shown that Defendants have failed to exhaust less intrusive methods of discovery. As such, the court hereby compels the deposition of Wen-Chi Chen. The deposition shall be limited in scope and duration as described in the Discovery Dispute Joint Report, and it shall occur no later than December 16,

2016.

**IT IS SO ORDERED.**

Dated: 11/10/2016

_____
HOWARD R. LLOYD
United States Magistrate Judge