E-filed 1/30/2017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIA TECHNOLOGIES, INC. (A CALIFORNIA CORPORATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ASUS COMPUTER INTERNATIONAL, et al.,<br><br>Defendants. | Case No.14-cv-03586-BLF   (HRL)<br><br>**ORDER DENYING LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. Nos. 189, 190 |

In the present motion before the court, plaintiffs Via Technologies, Inc. (California), Via Technologies, Inc. (Taiwan), and Via Labs, Inc., (together, "VIA") seek to amend their patent infringement contentions to address a claim construction ruling by the court that VIA asserts differs from the one it proposed. Dkt. No. 189. Defendants ASUS Computer International, ASUSTeK Computer, Inc., and ASMedia Technology, Inc. (together, "Defendants"), oppose the motion. Dkt. No. 196. For the reasons described below, the court denies VIA's motion for leave to amend its infringement contentions.

**BACKGROUND**

VIA served its initial infringement contentions regarding U.S. Patent No. 7,313,187 ("the '187 Patent") in 2015. Claim number one of the '187 patent includes a term: "a parallel-to-serial unit which receives a parallel data to serialize the parallel data into a serial data and a delayed serial data." Dkt. No. 176. While VIA proposed that the court adopt in its claim construction order the plain meaning of this term, the court instead adopted Asus's proposed construction, construing the term as a "means-plus-function" limitation in its order of August 19, 2016. *Id.* Defendants assert that VIA first had notice of the means-plus-function construction in November

2015, when defendants filed their Patent Local Rule 4-1 disclosures. Dkt. No. 196, Bakhar Decl., Ex. 5.

VIA first notified Defendants of its intent to amend its infringement contentions more than one month after the claim construction order, on September 26, 2016, in an e-mail asking whether the defendants would oppose a motion to amend. Dkt. No. 196, Bakhar Decl., at ¶ 2. Defendants responded on the same day, inquiring into the basis for the proposed amendment and asking for a redlined version of the amended contentions. *Id.* at ¶ 3. On October 4, 2016, VIA explained that the amendments would be based on the court's claim construction and promised a redlined draft. *Id.* at ¶ 4. One month later, and a little more than two-and-a-half months after the court's claim construction order, on November 6, 2016, VIA served its proposed amended infringement contentions and a redlined version showing the changes from the previous contentions. *Id.* at ¶ 5. VIA filed its motion to amend with the court on November 18, 2016, three months after the claim construction order and the same day that fact discovery closed. Dkt. No. 174.

## LEGAL STANDARD

The patent local rules "require parties to crystallize their theories of the case early in litigation and to adhere to those theories once they have been disclosed." *DCG Sys. V. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006)). While the patent local rules' policy toward amending infringement contentions leans conservative, the patent local rules "are not a straitjacket into which litigants are locked from the moment their contentions are served. There is a modest degree of flexibility, at least near the outset." *Id.* (quoting *Halo Elecs., Inc. v. Bel Fuse Inc.*, No. C 07-06222 RMW (HRL), 2010 WL 349593, at *1 (N.D. Cal., Sep. 3, 2010).

Patent Local Rule 3.6 governs the amendment of infringement contentions. It states that amendments "may be made only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. Courts evaluating requests for leave to amend apply a two-step analysis to determine if there is good cause: "first the court must determine whether the non-moving party was diligent in amending its contentions; second[,] the court must determine whether the non-

moving party would suffer undue prejudice if the motion to amend were granted." *DCG Sys.*, 2012 WL 1309161, at *3. In establishing good cause, the burden is on the moving party to show diligence. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012). One circumstance that may, absent prejudice to the non-moving party, support a finding of good cause is "[a] claim construction by the Court different from that proposed by the party seeking amendment." Patent L.R. 3-6(a). But a differing claim construction "in and of itself does not constitute good cause" to amend; "the moving party must still establish its diligence." *Tech. Props. Ltd. LLC v. Canon Inc.*, No. 14-3643, 2016 WL 1360756, at *3 (N.D. Cal. Apr. 6, 2016) (quoting *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00875 SI, 2014 WL 789197, at *2 (N.D. Cal. Feb. 26, 2014)).

**DISCUSSION**

VIA asserts that good cause exists to allow it to amend its infringement contentions because the court adopted a different claim construction from the one it proposed. Dkt. No. 189. VIA justifies the delay between the court's claim construction ruling and its motion to amend by pointing to a case, *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C09-05897 RS (HRL), 2011 WL 940263, at *3 (N.D. Cal. Feb. 18, 2011), in which a four-month delay was deemed acceptable, and by explaining that part of the delay can be attributed to its expert's efforts in responding to a prior discovery order of this court, Dkt. No. 197. Additionally, VIA asserts that the defendants will not be prejudiced by its amendments because they received the proposed changes a week before deposing experts on technical issues and because the rebuttal expert report deadline was not until January 27, 2017. *Id.*

In response, Defendants assert that delaying the filing of a motion to amend for three months after the court's claim construction order and waiting until the last day of fact discovery is not diligent. Defendants also argue that they will be prejudiced because they will not have the opportunity to conduct any additional discovery related to the proposed amendment, which they claim constitutes a new theory of infringement. Dkt. No. 196.

As an initial matter, the court must determine from when it must measure VIA's diligence in moving to amend. Courts in this district disagree about the relevant starting time. *Tech. Props.*

*Ltd., LLC v. Canon Inc.*, No. 14-cv-3643, 2016 WL 1360756, at *3-4 (N.D. Cal. Apr. 6, 2016) (discussing the split). For example, in *Chimar Systems v. Cisco Systems*, the court stated that Patent Local Rule 3-6 does not require parties to move to amend prior to the issuance of the claim construction order and measured the moving party's diligence from the date of that order. No. 13-cv-01300-JSW (MEJ), 2015 U.S. Dist. LEXIS 73935, at *17 (N.D. Cal. May 14, 2015). In contrast, in *Cisco Systems, Inc. v. Teleconference System, LLC*, the court held that the date on which the moving party first received notice of the adverse construction from the opposing party was the appropriate starting date, as "that is when [the moving party] first became aware of the risk that the district court could adopt [the adverse] construction." No. 10-cv-05740 JSW (NC), 2012 WL 9337627 (N.D. Cal. June 11, 2012); *see also Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 789197 (N.D. Cal. Feb. 26, 2014) (measuring diligence from the time that the moving party first received notice of the proposed adverse construction).

The court is persuaded that the relevant time from which to measure diligence when (as here) the court adopts the opposing party's construction is the date the moving party receives notice of that construction, as this is when diligent preparations could begin. *Karl Storz Endoscopy-America, Inc. v. Stryker Corp.*, No. 14-cv-00876-RS (JSC), 2016 WL 7386136, at *4 (N.D. Cal. Dec. 21, 2016). This is not to say that the moving party must draft its proposed amendments the very next day; but a diligent party would prepare so that it would be ready to respond expeditiously to the court's issuance of an adverse claim construction order.

Here, VIA has had notice of the adverse claim construction ultimately adopted by the court since it appeared in the defendant's patent local rule disclosures in November 2015. But even measuring from the court's claim construction order, VIA has not established diligence. VIA waited two-and-a-half months before serving its proposed amendments, and it waited another two weeks to file those amendments with the court. Courts in this district have found that such delays do not constitute diligence. *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 789197, at *3 (N.D. Cal. Feb. 26, 2014) (finding that the moving party was not diligent when it served its proposed amendments two-and-a-half months after the claim construction order and filed its motion two weeks later); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467

4

1   F.3d 1355, 1367 (Fed. Cir. 2006) (finding no diligence where the moving party waited three

2   months to serve its proposed amended contentions). Additionally, the court is not persuaded that

3   VIA's stated reason for its schedule excuses the delay. Though responding to this court's

4   discovery order may have been time-consuming, that order did not issue until October 12, 2016, at

5   which time nearly two months had already passed since the court's claim construction order. VIA

6   offers no explanation for its delays between August 19 and October 12.

7   Finally, the court is not convinced that VIA's e-mail of September 26, 2016, provided

8   sufficient notice of the proposed amendments to the defendants to support a finding of diligence.

9   The e-mail says, simply, "Please advise us whether Defendants will oppose a motion by VIA to

10  amend its infringement contentions under Patent L.R. 3-6 based on the Court's claim construction

11  ruling." Dkt. No. 196, Bhakar Decl., Ex. 1. At the hearing on this motion, VIA argued that, based

12  on the claim construction order, this e-mail should have made the subject of its proposed

13  amendments obvious to the defendants. But the e-mail contains no information about the scope or

14  nature of the proposed amendments, and an e-mail so thin on detail does not suffice to

15  demonstrate VIA's diligence in moving to amend. Similarly, the October 4, 2016, e-mail from

16  VIA promises a copy of the proposed amendments but also does not provide any specifics about

17  the amendments themselves. Dkt. No. 196, Bhakar Decl., Ex. 3.

18  Finally, the case VIA cites to support its argument that three months is not too long to

19  establish diligence is distinguishable. In *Vasudevan Software, Inc. v. International Business

20  Machines Corp.*, the court found that a party was diligent despite a four-month delay when its

21  reason for seeking an amendment was new information obtained in discovery. No. C09-05897 RS

22  (HRL), 2011 WL 940263, at *3 (N.D. Cal. Feb. 18, 2011). Because the new information was

23  unclear, the court determined that a longer investigation was justified. *Id.* Here, however, the

24  basis for the proposed amendment is an adverse claim construction. VIA had notice of the

25  construction that was ultimately adopted starting in late 2015. Under these circumstances, the

26  court is not persuaded that VIA has acted diligently in moving to amend.

27  If the court determines that the party seeking leave to amend has not acted diligently, there

28  is no need to consider the question of prejudice to the non-moving party. *O2 Micro Int'l Ltd. v.*

1  *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006).  The court thus declines to
2  consider the question of prejudice, especially given that fact discovery has already closed.

## CONCLUSION

For the reasons explained above, the court denies VIA's motion for leave to amend its infringement contentions.

**IT IS SO ORDERED.**

Dated: 1/30/2017

HOWARD R. LLOYD
United States Magistrate Judge