**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| VIA TECHNOLOGIES, INC. (A CALIFORNIA CORPORATION), et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ASUS COMPUTER INTERNATIONAL, et al.,<br><br>Defendants. | Case No. 14-cv-03586-BLF<br><br>**ORDER GRANTING LEAVE TO AMEND THE COMPLAINT**<br><br>[Re: ECF 200] |

Before the Court is VIA Technologies, Inc., a California corporation, VIA Technologies, Inc., a Taiwan corporation, and VIA Labs, Inc., a Taiwan corporation (collectively, "VIA")'s motion for leave to file a third amended complaint ("TAC") adding a claim under the federal Defend Trade Secrets Act. Mot. 2, ECF 200 (citing 18 U.S.C. §§ 1836, et seq. ("DTSA")). Pursuant to Civ. L.R. 7-1(b), the Court finds VIA's motion for leave to amend suitable for submission without oral argument and hereby VACATES the hearing scheduled for April 13, 2017. As set forth below, the Court finds that the factors weigh in favor of granting leave and hereby GRANTS the motion.

**I.   BACKGROUND**

VIA brings this suit against ASUS Computer International, a California corporation ("ACI"), ASUSTeK Computer Inc., a Taiwan corporation ("ASUS-TW"), and ASMedia Technology Inc., a Taiwan corporation ("ASM") (collectively, "ASUS"), for allegedly infringing VIA's patents and misappropriating VIA's intellectual property relating to USB technology. Second Am. Compl., ¶¶ 1-2, ECF 70 ("SAC"). The SAC was filed on July 10, 2015, which ASUS answered on August 7, 2015. Mot. 2. VIA served initial document requests relating to its trade secret claim in July 2015. ASUS filed a motion to stay trade secret discovery, which this Court

subsequently denied on December 4, 2015.  ECF 82, 108.  Thereafter, ASUS started production of data relating to sales of products that allegedly incorporated VIA's trade secrets ("Trade Secret Products").  Mot. 2.

VIA contends that ASUS should have sales data well into the third quarter of 2016, after the May 11, 2016 effective date of the DTSA, and before the November 18, 2016 fact discovery cutoff and the December 19, 2016 expert disclosure deadline.  *Id.* at 2-3.  However, VIA was not aware of any produced data reflecting such sales until the production made by ASUS on December 22, 2016.  *Id.* at 3.  According to ASUS, the documents pertaining to United States sales data into the third quarter of 2016 were produced on November 16, 2016 and on December 22, 2016 in supplemental productions.  Opp'n 4, ECF 206.  VIA does not dispute that pertinent sales data production was first made on November 16, 2016 but explains that it had inadvertently overlooked those sales data, thinking that the November 16, 2016 production was a mere "re-produc[tion]."  Reply 3, ECF 207.

On December 28, 2016, VIA asked ASUS to stipulate to an amendment to add a claim under the DTSA, a request that ASUS refused.  Mot. 3.  VIA then filed the instant motion on January 4, 2017.  Mot.

## II.     LEGAL STANDARD

Where, as here, the Court's scheduling orders do not set a deadline for amendments to the pleadings, a motion for leave to amend is evaluated under Rule 15.  *Soto v. Castlerock Farming & Transp., Inc.*, No. 09-00701, 2011 WL 3489876, at *2 (E.D. Cal. Aug. 9, 2011) ("When the scheduling order does not set a deadline for amendment, Rule 16's good cause standard does not apply." (citations omitted)).

Rule 15 provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009).  A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present:  (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to

2

cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

### III.  DISCUSSION

The factor of "repeated failure to cure deficiencies by amendment" does not apply here because it is not relevant to the present circumstances and neither party discusses this factor in their submissions. However, the Court finds that the remaining factors weigh in favor of granting leave to amend for reasons set forth below.

####   A.  Undue Delay; and Bad Faith or Dilatory Motive

VIA argues that it has acted diligently and in good faith in seeking this amendment. Mot. 5. According to VIA, the DTSA was enacted on May 11, 2016 and would only be applicable to wrongful conduct occurring prior to its enactment if the conduct continues after May 11, 2016. *Id.* (citing *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, No. 15-211, 2016 WL 5338550, at *6 (S.D.N.Y. Sept. 23, 2016)). VIA contends that it filed the instant motion within two weeks of the December 22, 2016 production, after receiving evidence that suggests that ASUS continued to violate the DTSA after its enactment. Mot. 6; Reply 3. It did not think ASUS's November 16, 2016 production would contain such evidence, in part because ASUS had allegedly characterized it as a mere "re-produc[tion]." Reply 3.

In opposition, ASUS contends that the request to add the DTSA claim should have been raised in November and not six weeks afterwards, when VIA raised this issue for the first time with ASUS on December 28, 2016. Opp'n 4-5. ASUS also claims that VIA acted in bad faith by meeting and conferring during the holiday period and then filing the instant motion in the middle of expert rebuttal period. *Id.* at 6.

The Court finds neither undue delay nor bad faith on VIA's part. Although VIA could have raised the issue in November, instead of December, if it had known about the sales data in the November production, the additional four weeks, as opposed to two weeks, do not necessarily make the delay undue. There is also no demonstration of bad faith, as VIA represents that it had

3

misunderstood the November production as a "re-production" and met and conferred with ASUS promptly after finding relevant documents in the December production. Whether that misunderstanding with respect to the November production was solely due to VIA's mistake, or in part, due to ASUS's representation, is not material to this instant motion. The Court thus finds that there is no undue delay or bad faith. Nonetheless, even if the delay was substantial, this factor alone is not a sufficient ground for denial of leave to amend. *E.g.*, *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (noting that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend").

### B. Undue Prejudice to ASUS

VIA contends that ASUS cannot carry the burden of showing prejudice because "the proposed DTSA claim is based on the same nucleus of facts" as the existing claim pursuant to the California Uniform Trade Secret Act ("CUTSA") in the SAC. Mot. 6. VIA further underscores ASUS's inability to articulate any specific prejudice during the meet and confer process leading up to this motion. *Id.* at 7. ASUS counters that despite the similarities between the DTSA and the CUTSA, there remain differences in the statutes, which give rise to prejudice against them. Opp'n 6. According to ASUS, the DTSA provides for "an ex parte seizure remedy," not available under CUTSA. *Id.* at 6 (citing 18 U.S.C. § 1836(b)(2)). ASUS further states that DTSA allows a jury to determine the monetary claims, where CUTSA reserves the determination of reasonable royalties for the judge. Opp'n 6 (citing 18 U.S.C. § 1836(b)(3)(B); Cal. Civ. Code § 3426.3). ASUS contends that given that this case has already been pending since 2014, the additional discovery necessary to prepare for the new claim would only exacerbate the delay. *Id.* at 7.

"The party opposing amendment bears the burden of showing prejudice," which ASUS fails to do here. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The thrust of ASUS's contentions is that there are some differences between the CUTSA and the DTSA and that additional discovery might be necessary. However, ASUS's general lamentation fails to identify the specific additional discovery the parties would need to undertake that is specific for the DTSA claim but not for the CUTSA claim, and the additional amount of time that might be needed. *E.g.*, *Chrimar Sys. Inc v. Cisco Sys. Inc*, No. 13-01300-JSW, 2016 WL 520948, at *3

4

(N.D. Cal. Feb. 10, 2016) (in granting leave to amend, noting that the opposing party provided only generality in support of finding prejudice). Although some additional discovery may be needed, ASUS's admission that "VIA would be seeking the same relief that it's currently seeking under the CUTSA, under the same set of facts" undercuts the argument that the additional discovery would be substantial. Opp'n 7.

The cases cited by ASUS are inapposite so they do not compel a different conclusion. *E.g.*, *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (denying leave to amend because "Lockheed sought to add complaints regarding new domain-name registrants which would require NSI to conduct discovery on each new registrant"); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (denying leave to amend because the new theories were added during the pendency of a summary judgment motion and the facts giving rise to the amendment were known to the litigant since the beginning of the case); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991) (denying leave because of undue delay, "eight months after the district court granted summary judgment against [the movant]").

### C.  Futility of the Amendment

VIA contends that the DTSA claim as set forth in the proposed TAC is adequately pled, alleging, for example, VIA's reasonable measures to keep the trade secret information secret, the trade secret's independent economic value, and ASUS's use of the trade secrets. Mot. 7-8; Ex. A. VIA also represents that the proposed DTSA claim is based on the same factual allegations as the SAC's CUTSA claim. *Id.* at 8.

ASUS claims that the DTSA claim is not necessary because it is "duplicative of existing claims." Opp'n 7 (citing *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995)). ASUS also argues that this Court has already exercised its supplemental jurisdiction, rendering moot VIA's argument that the addition of the DTSA claim is to ensure federal jurisdiction. Opp'n 7.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Ninth Circuit has alternatively stated that the test of whether amendment would be futile is "identical to the one used when

considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.*; *see Utterkar v. Ebix, Inc.*, No. 14-02250-LHK, 2015 WL 5027986, at *8 (N.D. Cal. Aug. 25, 2015).

The Court finds that the proposed DTSA claim is not futile. ASUS does not argue that the proposed DTSA claim is insufficient when evaluated under Rule 12(b)(6) but only that it is duplicative. However, whether the claim is duplicative is not the proper standard and ASUS's reliance on *Bonin* is misplaced. Opp'n 7; Reply 4-5. In a federal habeas case, the *Bonin* court affirmed the lower court' denial of a motion for leave to amend the petition because the newly added theories were not based on new facts and the petitioner provided "no satisfactory explanation for his failure to fully develop his contentions originally." 59 F.3d at 845. The court further noted that the certain of the petitioner's "proposed amendments are either duplicative or patently frivolous, or both." *Id.* at 846. Here, VIA has an explanation for why the DTSA claim was not added to the original complaint, namely that the DTSA was only enacted in May 11, 2016 and the facts supporting the allegedly continuing trade secret misappropriation past May 11, 2016 were not made available to VIA until November 2016. As such, *Bonin* has limited application here.

At least one court, on a motion for leave to amend, has allowed a party to allege a state law trade secret cause of action concurrently with a claim under DTSA, and this Court finds it persuasive. *E.g.*, *Syntel Sterling*, 2016 WL 5338550, at *4 (granting leave to add the DTSA claim and noting that the existing claims of misappropriation under New York state law are closely related to the proposed amendments). ASUS has provided no arguments distinguishing *Syntel Sterling* from the present case. Moreover, ASUS's contention, relating to whether VIA is adding a DTSA claim only to preserve federal jurisdiction, is immaterial to the instant motion and does not affect the Court's determination here.

## IV. ORDER

For the foregoing reasons, the Court GRANTS VIA's motion for leave to amend the SAC only to add the proposed DTSA claim, as set forth in Exhibit A of this motion. VIA shall file the TAC attached to its motion as Exhibit A, ECF 200-2, as a separate docket entry on or before

February 10, 2017.

Dated: February 7, 2017

_____
BETH LABSON FREEMAN
United States District Judge