UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIA TECHNOLOGIES, INC. (A CALIFORNIA CORPORATION), ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ASUS COMPUTER INTERNATIONAL, et al.,<br><br>Defendants. | Case No.  14-cv-03586-BLF<br><br>**ORDER RE SEALING MOTIONS**<br><br>[Re: ECF 217, 218, 231, 239] |

This order addresses the parties' administrative motions to file under seal portions of their briefing and exhibits in support of their summary judgment motions.  ECF 217, 218, 231, 239. For the reasons stated below, the motions are GRANTED IN PART and DENIED IN PART.

I.  **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id*. at 1097.  In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable."  Civ. L.R. 79-5(d)(1)(A).  "Reference to a stipulation or

protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id*.

## II. DISCUSSION

The Court has reviewed the parties' sealing motions and declarations in support thereof. The Court finds the parties have articulated compelling reasons to seal certain portions of most of the submitted documents. For requests that were denied below, the parties' declarations fail to establish that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.* The compelling reasons standard must be met even as to documents that were previously filed under seal or protective order. *Kamakana*, 447 F.3d at 1179. The Court further notes that certain but not all proposed redactions are narrowly tailored. The Court's rulings on the sealing requests are set forth in the tables below:

### A. ECF 217

| Identification of Documents to be Sealed | Description of Documents and Request | Court's Order |
|---|---|---|
| Notice of Motion and Motion For Summary Judgment Infringement of U.S. Patent No. 8,476,747 and Partial Summary Judgment of No Invalidity of U.S. Patent Nos. 7,313,187 and 8,476,747 ("Motion for Summary Judgment") | Highlighted portions at Pages 9-12, 14, and 15 in their entirety, at 13:1-23; and at 16:1-25 contain circuit schematics and sensitive information about the products of Defendants ASUS Computer Int'l, ASUSTeK Computer Inc., and ASMedia Tech. Inc. ("ASMedia"), (collectively, "ASUS"). | GRANTED as to the highlighted positions. |
| Ex. 1 to Gomez Decl. (Gomez's expert report regarding patent infringement) | Paragraphs 23 and 25 contain confidential customer information to ASMedia Tech. Inc. Paragraphs 62, 64-72, 74, 76-82, 85, 87-88, 91, 93-94, 98-102, 104-106, 110-114, 118, 121, 123-128, 130, 132-137, 139, 141, 147-151, 153-155, 157-170, 174-188, 190-203, | GRANTED as to Paragraphs 23, 25, 62, 64-72, 74, 76-82, 85, 87-88, 91, 93-94, 98-102, 104-106, 110-114, 118, 121, 123-128, 130, 132-137, 139, 141, 147-151, 153-155, 157-170, 174-188, 190-203, 205-206, 211-215, and 217-230; and DENIED as to remainder. |

| Identification of Documents to be Sealed | Description of Documents and Request | Court's Order |
|---|---|---|
| | 205-206, 211-215, and 217-230 contain confidential information relating to ASUS products. | |
| Exhibits 11-17 to Kroeger Decl. | The exhibits contain confidential information on the design of ASMedia's products | GRANTED. |
| Exhibit 21 to Kroeger Decl. (Baker's expert report regarding non-infringement) | Pages 21-32 in their entirety, paragraphs 81-85, 87, 107, and attachment 2 and attachment 3 contain confidential information on ASMedia's products, such as product design and manufacture. | GRANTED as to pages 21-32 in their entirety; and paragraphs 81-85, 87, 107, and attachment 2 and attachment 3; and DENIED as to remainder. |

**B.   ECF 218**

| Identification of Documents to be Sealed | Description of Documents and Request | Court's Order |
|---|---|---|
| ASUS' Motion for Partial Summary Judgment | 15:11-12; 15:14-17; 15:18-20; 16:2-8 contain materials where the parties have designated as highly confidential. Declarations provide no compelling reasons. | DENIED. |
| Ex. 6 to Bhaker Decl. (Feb. 15 and 17, 2017 Gomez Dep. Tr.) | Highlighted portions contain materials where the parties have designated as highly confidential. Declarations provide no compelling reasons. | DENIED. |
| Exs. A and B to Wang Decl. | These exhibits are the criminal complaint and supplemental criminal complaint for search and seizure to the Taiwan Prosecution Office. The Court finds these documents as those "traditionally kept secret," such as grand jury transcripts and warrant materials during the pre-indictment phase of an investigation, and thus sealable. *Kamakana*, 447 F.3d at 1185. | GRANTED. |
| Exs. F and G to Zhang Decl. | These exhibits are certified translations of Exs. A and B to Wang Decl. These are sealable for the same reasons as Exs. A and B to Wang Decl. above. | GRANTED. |

3

| Identification of Documents to be Sealed | Description of Documents and Request | Court's Order |
|---|---|---|
| Exs. K, L, M, and R to Lemieux Decl. (Excerpts of Dep. Trs. of Lai and Chen). | The exhibits contain materials where the parties have designated as highly confidential. Declarations provide no compelling reasons. | DENIED. |

### C.   ECF 231

| Identification of Documents to be Sealed | Description of Documents and Request | Court's Order |
|---|---|---|
| Ex. 1 to Gomez Decl. ISO Plaintiffs' opposition to Defendants' Summary Judgment Motion | This exhibit is an expert report and VIA seeks to seal the entirety of this exhibit because it contains trade secret information on VIA's products.  However, sealing the entire exhibit is not justified because not all paragraphs pertain to sealable information.  This request is thus not narrowly tailored. ASUS seeks to seal pages 45-51, 102-103, 105-106, 108, 110, and 112; and paragraphs 117-123, 188-198 because they contain design and manufacture information on ASMedia's chips. | GRANTED as to pages 45-51, 102-103, 105-106, 108, 110, and 112; and paragraphs 117-123, 188-198; and DENIED as to remainder. |

### D.   ECF 239

| Identification of Documents to be Sealed | Description of Documents and Request | Court's Order |
|---|---|---|
| Plaintiffs' Reply in Further Support of Their Motion for Summary Judgment of Infringement of U.S. Patent No. 8,467,747 and Partial Summary Judgment of No Invalidity of U.S. Patent Nos. 7,131,187 and 8,467,747 (the "Reply"). | Highlighted portions at 2:21-26, 3:2-5 contain confidential information regarding ASMedia' revenues and sales. | GRANTED as to the highlighted portions. |
| Exhibit 24 to the Declaration of Paul A. Kroeger in Support of Plaintiffs' Reply. | Highlighted portions at 35:22-37:13 contain competitive information and identify ASMedia's customers. | GRANTED as to the highlighted portions. |
| Exhibit 25 to the Declaration of Paul A. Kroeger in Support of Plaintiffs' Reply. | This is purportedly an expert report of James Pampinella and VIA seeks to seal the entirety of this exhibit because it contains confidential revenue | DENIED. |

4

| | |
|---|---|
| and sales information. VIA fails to file an unredacted version of this exhibit, preventing the Court from evaluating whether the entire exhibit contains sealable information and that the redaction is narrowly tailored. | |

### III. ORDER

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the sealing motions at ECF 217, 218, 231, 239. Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order. Alternatively, the moving party may also renew the motion so to provide sufficient reasons in the supporting declarations no later than 10 days form the filing of this order.

**IT IS SO ORDERED.**

Dated: March 28, 2017

_____
BETH LABSON FREEMAN
United States District Judge

5