RUSS, AUGUST & KABAT
Larry C. Russ, SBN 82760
lruss@raklaw.com
Irene Y. Lee, SBN 213625
ilee@raklaw.com
Benjamin T. Wang, SBN 228712
bwang@raklaw.com
Adam S. Hoffman, SBN 218740
ahoffman@raklaw.com
Jean Y. Rhee, SBN 234916
jrhee@raklaw.com
Paul A. Kroeger, SBN 229074
pkroeger@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiffs
VIA TECHNOLOGIES, INC., a California corporation, VIA TECHNOLOGIES, INC., a Taiwan corporation, and VIA LABS, INC., a Taiwan corporation

SINGULARITY LLP
Ronald S. Lemieux (CA Bar No. 120822)
rlemieux@ipsingularity.com
Vid R. Bhakar (CA Bar No. 220210
vbhakar@ipsingularity.com
Theodore T. Herhold (CA Bar No. 122895)
therhold@ipsingularity.com
555 Twin Dolphin Drive, Suite 610
Redwood Shores, CA 94065
Tel: (650) 720-4650
Fax: (650) 720-4662

Attorneys for Defendants
ASMedia Technology Inc., a Taiwan corporation, ASUSTeK Computer Inc., a Taiwan corporation, and ASUS COMPUTER INTERNATIONAL, a California corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| VIA TECHNOLOGIES, INC., a California corporation, VIA TECHNOLOGIES, INC., a Taiwan corporation, and VIA LABS, INC., a Taiwan corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ASUS COMPUTER INTERNATIONAL, a California corporation, ASUSTEK COMPUTER INC., a Taiwan corporation, and ASMEDIA TECHNOLOGY INC., a Taiwan corporation,<br><br>Defendants. | Case No. 5:14-cv-03586-BLF<br><br>**JOINT PRETRIAL STATEMENT AND ORDER** |

Final Joint Pretrial Order.docx

The Action.

a. <u>The Parties</u>. The plaintiffs are VIA Technologies, Inc., a California corporation, VIA Technologies, Inc., a Taiwan corporation, and VIA Labs, Inc., a Taiwan corporation (collectively, "VIA"). The defendants are ASMedia Technology Inc. ("ASM"), a Taiwan corporation, ASUSTeK Computer Inc., a Taiwan corporation ("ASUS-TW"), and ASUS Computer International, a California corporation (collectively, "Defendants"), and all were served and have appeared.

b. <u>Substance of the Action</u>.

   i. <u>Claims</u>.[1]

   (a) <u>Trade secret misappropriation in violation of Cal. Civ. Code §§ 3426 *et seq.* ("CUTSA")</u>. As set forth in every version of the complaint and in its trade secret disclosures, VIA contends that Defendants misappropriated its trade secret schematics and source code relating to the following USB (Universal Serial Bus) 3.0 subcomponent technologies: SATA (Serial ATA), USB 1.0, 1.1 and 2.0, and SSC (Spread Spectrum Clocking) (collectively, "Asserted Trade Secrets") by: (1) inducing VIA employees to defect to key management and development positions with Defendants with the Asserted Trade Secrets and disclose them to Defendants in violation of their non-disclosure agreements; and (2) receiving and using the improperly acquired trade secrets to make USB 3.0 chips and products incorporating such USB 3.0 chips (collectively, "Accused Products"), all of which are marketed and sold in California and elsewhere in the U.S. The Asserted Trade Secrets are protectable as such because VIA took reasonable measures under the circumstances to maintain their secrecy and because they derive independent economic value from not being generally known to the public or others who can obtain economic value from their disclosure or use. Defendants were unjustly enriched because their improper acquisition and use of the

---

[1] Defendants object to VIA's overlooking the changing nature of its claims from the original Complaint through the Third Amended Complaint. Both the scope and substance of VIA's claims have changed over time. Defendants would accept the following reference: "As set forth in the Third Amended Complaint…."

Final Joint Pretrial Order.docx                     1

**JOINT PRETRIAL STATEMENT AND ORDER**

Asserted Trade Secrets enabled them to shortcut the time-consuming and costly R&D process required to independently develop the Accused Products, establish a significant market presence in short order, and compete directly with VIA.

(b) <u>Trade secret misappropriation in violation of 18 U.S.C. §§ 1836 *et seq*. ("DTSA")</u>. This claim, which was added in the Third Amended Complaint, is based on the same Asserted Trade Secrets and allegations of improper conduct as VIA's CUTSA claim.

(c) <u>Direct and induced infringement of U.S. Patent No. 7,313,187 (the '187 patent)</u>. As set forth in every version of the complaint and its infringement contentions, VIA contends that Defendants have directly infringed the '187 patent by making, importing, using, selling and offering for sale products performing a method of converting parallel data to serial data, converting the serial data into differential signals, and de-emphasizing the differential signals to output an improved transmission signal that is covered by claims 13, 14 and 18 of the patent ("Asserted Claims"). VIA is accusing the following ASM chips, and end-user products such as hard disk drives, motherboards and computers sold by ASUS-TW and ACI that incorporate these chips, of infringing the Asserted Claims: ASM1042, ASM1042A, ASM1042AE, ASM1051, ASM1051E, ASM1051U, ASM1051W, ASM1053, ASM1054 and ASM1074. VIA also contends that Defendants have actively induced others to infringe the Asserted Claims.

    ii.    <u>Defenses:</u>

(a) As stated in their Answers to Plaintiffs Third Amended Complaint, with regards to the '187 Patent, Defendants do not believe that any of their accused products infringe method claims 13, 14, and 18 of the '187 Patent either directly, indirectly or jointly.  The Defendants also believe that the asserted claims of the '187 Patent are invalid in view of the IEEE technical paper by Alan Fiedler, et al. entitled "A 1.0625 Gbps Transceiver with 2x-Oversampling and Transmit Signal Pre-Emphasis" ("Fiedler Paper") and/or by U.S. Patent No. 6,265,920 to C. Gauthier entitled "Power/Area Efficient Method for High-Frequency Pre-Emphasis for Intra-Chip Signaling" ("Gauthier") in combination with

the Fiedler Paper, as well as in combination with U.S. Patent No. 6,281,715 to L. DeClue *et al.* entitled "Low Voltage Differential Signaling Driver with Pre-Emphasis Circuit" ("DeClue").

(b) As stated in their Answers to Plaintiffs Third Amended Complaint, with regards to VIA's trade secret claims, Defendants do not believe that the asserted trade secrets are, in fact, protectable trade secrets. Defendants believe that VIA's asserted trade secrets are commonly known in the industry, are found in widely-used textbooks in this field, and consist of concepts well-known to competitors and others that could make economic use of them. For example, the hierarchical arrangement of analog schematics at issue, the arrangement of components on the schematic and the naming conventions of the components and signals on the schematics alleged to be trade secrets by VIA are simply the result of common industry naming conventions, industry best practices, and default features of the Cadence CAD design tools (*i.e.*, a non-party software application) used by the parties and throughout the industry. Defendants deny using any legitimately protectable and confidential information of VIA in the design of its accused USB 3.0 products. Further, Defendants believe that VIA failed to follow its own procedures established for the protection of its alleged trade secrets, and through its own negligence allowed former VIA employees to leave the company with VIA materials that the former employees believed to be worthless scrap paper, but that now VIA claims are its valuable trade secrets. Defendants also believe that any damage VIA claims to have suffered as result of trade secrets misappropriation is not caused by any actions of Defendants, but was in fact caused by VIA's own actions or the acts of third parties, and not the act of the Defendants. Defendants believe that VIA's trade secret claims are also barred by the doctrines of estoppel, laches and/or waiver, as well as by the three-year statutes of limitations imposed on both the federal and California trade secrets claims by 18 U.S.C. section 1836(d) and California Civil Code section 3426.6, respectively.

c. <u>Relief Sought</u>.

i. <u>VIA</u>: As set forth in its Third Amended Complaint, VIA is seeking monetary and equitable relief:

(a) A judgment in favor of VIA that Defendants misappropriated its trade secrets;

(b) A judgment awarding VIA its unjust enrichment damages arising from Defendants' trade secret misappropriation, in an amount to be proven at trial and requiring Defendants to provide an accounting, and to pay supplemental damages, and prejudgment and post-judgment interest thereon;

(c) A judgment that Defendants' misappropriation of VIA's trade secrets was willful and malicious under 18 U.S.C. § 1836 and/or California Civil Code §§ 3426.3(c) and 3426.4 and an award to VIA of treble damages and its reasonable attorneys' fees and costs against Defendants;

(d) A judgment and an order for permanent injunction requiring Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all persons acting in concert with them to:

i. Refrain from infringing and inducing others to infringe the '187 patent;

ii. Refrain from, directly or indirectly, by any means whatsoever, disclosing VIA's trade secrets;

iii. Refrain from, directly or indirectly, by any means whatsoever, using VIA's trade secrets to manufacture, offer to sell, or sell products or services incorporating, using, or made using VIA's trade secrets for importation to, or in, or from, the United States; and

iv. Immediately preserve and return to VIA (a) all trade secret information improperly acquired from VIA that Defendants could or would use to manufacture, offer to sell, or sell products or services for importation to, or in, or from the

United States; (b) all materials (in paper, electronic, or any other form) containing any, or derived from, such trade secret information; and (c) all copies of such materials;

(e) A judgment in favor of VIA that Defendants have infringed and/or induced infringement of the '187 patent;

(f) A judgment awarding VIA damages for Defendants' infringement of the '187 patent, including treble damages based on any infringement found to be willful, as provided under 35 U.S.C. § 284, in an amount to be proven at trial, and prejudgment and post-judgment interest thereon;

(g) A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and an award to VIA of its reasonable attorneys' fees and costs against Defendants;

(h) A judgment and order requiring Defendants to provide an accounting, and to pay supplemental damages, and prejudgment and post-judgment interest thereon, to VIA; and

(i) Any further legal or equitable relief that the Court may deem proper and just.

ii. <u>Defendants</u>:

As set forth in their Answers to VIA's Third Amended Complaint, Defendants seek a final judgement declaring:

1. Every asserted claim of U.S. Patent No. 8,746,747 and U.S. Patent No. 7,313,187 is invalid as a matter of law;

2. Defendants do not infringe any claims of U.S. Patent No. 7,313,187 either directly, indirectly, or jointly;

3. Defendants have not misappropriated any of VIA's asserted and protectable trade secrets;

4. That VIA's trade secret claims are time-barred by the applicable statutes of limitations;

5.  That Defendants ASMedia, Asustek Computer, and ASUS Computer International are not the alter egos of each other;

6.  That this case is exceptional pursuant to 35 U.S.C. Section 285 and awarding Defendants their reasonable attorneys' fees;

7.  That Defendants are the prevailing party and entitled to its costs of suit incurred in this action;

8.  For such other and further relief as the Court deems just and Proper

d. <u>Federal Jurisdiction and Venue</u>. This is an action for injunctive relief and to recover damages arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., including § 271, and the Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et seq. This Court has original jurisdiction over the subject matter under 28 U.S.C. §§ 1331 and 1338(a) and (b) and supplemental pendent jurisdiction over VIA's state-law cause of action under 28 U.S.C. § 1367. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Neither jurisdiction nor venue is disputed.

<u>Factual Basis of the Action</u>.

a. <u>Undisputed Facts</u>.

1. ASUS-TW is ASM's largest shareholder.

2. ACI is, and always has been, a wholly-owned subsidiary of ASUS-TW.

3. ACI's reported total liabilities in ASUS-TW's Consolidated Financial Statements were greater than total reported assets from 2007 to 2014.

4. ACI was reported in ASUS-TW's Consolidated Financial Statements as having a negative net worth from 2007 to 2014.

5. Chi Chang has been head of R&D for ASM from October 2007 to present.

6. Prior to leaving VIA, Chi Chang was head of R&D for VIA's system platform business unit.

7. Chewei Lin has been President and a director of ASM from November 2007 to present.

|   |   |   |
|---|---|---|
| 1 | 8. | Chewei Lin was Corporate Vice President of the Asus Open Platform BG-MB BU for ASUS-TW, from March 2009 to November 2011. |
| 3 | 9. | Chewei Lin worked for VIA from 1993 to October 2007. |
| 4 | 10. | Prior to leaving VIA, Chewei Lin was a VIA Vice President and head of VIA's system platform business unit. |

1  8. Chewei Lin was Corporate Vice President of the Asus Open Platform
2  BG-MB BU for ASUS-TW, from March 2009 to November 2011.
3  9. Chewei Lin worked for VIA from 1993 to October 2007.
4  10. Prior to leaving VIA, Chewei Lin was a VIA Vice President and head of
5  VIA's system platform business unit.
6  11. Jerry Shen has been President and CEO of ASUS-TW since 2008, and a
7  director since 2007.
8  12. Jerry Shen has been Chairman of ASM since at least 2007.
9  13. Jerry Shen has been a director of ACI since 2007.
10  14. The employees who left VIA to join ASM signed confidentiality
11  agreements when they first started working at VIA, agreeing to keep confidential and
12  safeguard against unauthorized or illegal use, disclosure, or publication, information relating
13  to VIA's business, technology, and production, both during and after their employment at
14  VIA.
15  15. The employees who left VIA to join ASM signed Employee Service
16  Agreements when they first started working at VIA, agreeing to observe all of VIA's
17  regulations and procedures.
18  16. The employees who left VIA to join ASM submitted to an Exit Process,
19  confirming to VIA that they had returned VIA's "[c]harts, regulations, documents, design
20  blueprints, technical data and files" and "[i]nternal controlled classified documents (Internal
21  design documents)," were not "in possession of confidential materials," and "all confidential
22  materials have been returned."
23  17. The employees who left VIA to join ASM signed Resignation
24  Agreements representing that:

> (I) I have submitted the hardware and software devices of computers, documents, files and materials relating to my job and have proceeded with the handover procedure without preserving anything. (II) I will continue to maintain the confidentiality of the business secrets learned during my tenure

pursuant to the regulations of the confidential agreement, including but not limited to any information relating to business, technology or production, and shall not disclose it to any third party. (III) I know with certainty that the inventions, creations or produced work and ideas during my tenure, including but not limited to patent rights, copyrights, rights in integrated circuit layouts and business secrets, etc., and my rights as well as documents belong to the company. I will stop using such things immediately after resignation and am willing to provide necessary assistance in order to help the Company to complete application or registration and relevant procedures.

18. USB 3.0 (aka SuperSpeed USB) is the third major version of the Universal Serial Bus standard for computer connectivity.

19. The final version of the USB 3.0 standard was released in November 2008.

20. Following the release of the final version of the USB 3.0 standard, many companies competed to develop USB 3.0 chips, including, but not limited to, included Renesas, ASMedia, VIA Labs, Inc., Etron, LucidPort Technology, Inc., SymWave, JMicron, NEC, Fresco Logic, SMSC, TI, Realtek, Genesys Logic, Inc., and Fujitsu.

21. ASUS-TW was a major purchaser of VIA chip products, including USB chip products, from at least 2001 to 2012.

22. ASUS-TW was the largest customer for ASM's USB 3.0 host controllers.

23. ASM does not publicly disclose the circuit schematics and source code that it uses for its USB 3.0 chips.

24. ASM made public financial disclosures on November 28, 2011 in preparation for its IPO.

25. The schematics produced in this case by Defendants are used for Defendants' accused USB 3.0 products.

26. The '187 patent issued on December 25, 2007.

27. The application that became the '187 patent has a filing date of May 28, 2004 and claims priority to a Taiwanese application filed on July 22, 2003.

28. VIA is the owner of, and has the right to enforce, the '187 patent.

29. Defendants sold products accused of infringing the '187 patent in California and elsewhere in the United States.

30. Chi Chang is the sole inventor of the '187 patent.

31. The products accused of infringing the '187 patent are chips having USB 3.0 functionality.

b. <u>Disputed Facts</u>.

1. Whether Defendants used VIA's trade secrets without VIA's consent knowing or having reason to know that they were acquired through improper means, under circumstances giving rise to a duty to maintain their secrecy or limit their use, and/or from persons who owed a duty to VIA to maintain their secrecy or limit their use.

2. Whether ACI was aware of ASM's development of USB 3.0 products in 2008 or 2009.

3. Whether ACI ever had any direct interaction with ASM prior to the filing of this lawsuit.

4. Whether ACI or ASUS-TW had any role in ASM's development of the accused chips.

5. Whether the analog circuit schematics and fragments of schematics alleged to be VIA's trade secrets rise to the level of protectible trade secrets.

6. Whether ASM publicly disclosed any of its customers prior to January 1, 2011.

7. Whether ASM independently derived its circuit schematics and SATA source code.

8. Whether ASM used any confidential VIA information to create its analog circuit schematics for its USB 3.0 products.

9. Whether VIA's asserted trade secrets are generally known to the public or to those in the industry or academia.

10. Whether VIA took reasonable steps to protect its confidential

information.

11. Whether VIA's asserted trade secrets regarding its USB 1.0, 1.1 and 2.0 technologies had any value to competitors in 2008 and thereafter.

12. The length of time it would take a company to design and have manufactured a USB 3.0 chip.

13. Whether VIA was sufficiently aware of ASMedia's sales and marketing activities regarding its USB 3.0 products in March 2010 to cause an ordinary company in its position to start investigating a possible theft of trade secrets by ASMedia.

14. Whether the products accused of infringing the '187 patent are capable of performing, and perform each and every step of the of the high-speed serial linking transmission methods recited in each of the asserted method claims of the '187 patent including:

    i. Whether the products accused of infringing the '187 patent are capable of performing, and perform each and every step of the high-speed serial linking transmission method recited in independent claim 13 of the '187 patent;

    ii. Whether the products accused of infringing the '187 patent are capable of performing, and perform each and every step of the high-speed serial linking transmission method recited in dependent claim 14 of the '187 patent; and

    iii. Whether the products accused of infringing the '187 patent are capable of performing, and perform each and every step of the high-speed serial linking transmission method recited in dependent claim 18 of the '187 patent;

15. Whether the methods of each of the asserted claims of the '187 patent are performed in the United States.

16. The amount of costs, if any, ASM avoided if found to have used VIA's

Asserted Trade Secrets.

17. The employees that left VIA were subjected to searches of any materials, including personal belongings, that they removed from VIA's location.

18. As the result of VIA's reorganization in 2007, the System Platform Business Unit was eliminated.

19. The vast majority of the former VIA employees that left VIA and ultimately joined ASM were from the former System Platform Business Unit at VIA.

20. VIA's stock price has steadily declined over the last 10 years and is currently trading at less than fifty cents a share in US Dollars.

21. Between April 2007 and April 2009, over 1000 employees departed VIA.

22. VIA consented to the departure of Chewei Lin and those listed in a written statement executed by VIA and Chewei Lin before he left VIA.

23. Chewei Lin has been CEO of ASM from November 2007 to present.

24. Chewei Lin was Corporate Vice President and the general manager of the mother board business unit for ASUS-TW, from March 2009 to November 2011.

25. VIA and ASM continued to discuss the potential hiring of former VIA employees by ASM for a period of several years after Chewei Lin's departure from VIA.

26. VIA was aware that ASM was selling and marketing USB 3.0 chips in March 2010.

27. A VIA Vice President and an ASM Product Manager spoke on the same panel regarding each company's respective USB 3.0 products at a DigiTimes Conference held in March 2010 in Taipei, Taiwan.

28. VIA made statements in their original complaint filed in this action that ASM's development timeline for its USB 3.0 products was "unnaturally short," "virtually overnight, a highly suspicious circumstance," and "could have been accomplished by ASM only through its reliance on proprietary technical and operational information

misappropriated from VIA."

29. Once VIA started its investigation into possible trade secret misappropriation of its trade secrets, it was able to finish its investigation in less than 9 months.

30. The asserted trade secrets are related to products or services used in, or intended for use in, interstate or foreign commerce.

31. ASM did not publicly disclose its sales information relating to its USB 3.0 chips until November 2011.

32. The '187 patent was the subject of two certificates of correction: the first issuing on March 24, 2015, the second, superseding the first, issuing on June 7, 2016. The petition for first certificate of correction was submitted to the USPTO, several months after this lawsuit was commenced on December 22, 2014.

33. Defendants knew of the '187 patent at least as of August 7, 2014 when the original complaint in this matter was filed.

34. Defendants knew of the pre-certificate of correction version of the '187 patent at least as of August 7, 2014 when the original complaint in this matter was filed. Defendants did not learn of the second certificate of correction until shortly after it issued on June 7, 2016.

35. The products accused of infringing the '187 patent provide a high speed serial linking transmission method.

36. The products accused of infringing the '187 patent serialize parallel data into serial data.

37. The products accused of infringing the '187 patent generate a differential signal pair and a delayed and inverted differential signal pair.

38. In the products accused of infringing the '187 patent, the delayed and inverted differential signal pair is one bit time behind the differential signal pair.

39. The products accused of infringing the '187 patent generate a de-

emphasized transmission differential pair according to the data differential pair and the delayed-and-inverted differential pair.

    c.    <u>Disputed Legal Issues</u>.

        1.    Whether Defendants infringe the '187 patent under 35 U.S.C. § 271(a) and (b).

        2.    Whether Defendants have proven invalidity of the asserted claims of the '187 patent by clear and convincing evidence.

        3.    Whether Defendants' infringement was willful, and whether VIA's damages should therefore be trebled.

        4.    Whether this case is exceptional entitling VIA or Defendants to attorneys' fees under 35 U.S.C § 285.

        5.    Whether VIA is limited under 35 U.S.C. §§ 254, 255, and/or 288 from recovering costs relating to its '187 patent claim.

        6.    Whether any of the Asserted Trade Secrets constitute protectable trade secrets.

        7.    Whether Defendants' misappropriation of the Asserted Trade Secrets, if any, was willful and malicious, and whether VIA should therefore be awarded treble damages and reasonable attorneys' fees and costs against Defendants under 18 U.S.C. § 1836 and/or California Civil Code §§ 3426.3(c) and 3426.4.

        8.    Whether VIA was on reasonable inquiry notice of Defendants' potential trade secret misappropriation prior to August 7, 2011 such that its CUTSA and DTSA claims are time-barred.

        9.    Whether VIA's damages theory regarding Defendants' alleged unjust enrichment was waived in earlier proceedings, and even if not waived, whether the methodology used by VIA's damages expert for her trade secrets opinion satisfies the requirements of Federal Rule of Evidence 702 and the U.S. Supreme Court decisions in <u>Daubert v. Merrell Dow Chemicals</u>, and <u>Kumho Tire v. Carmichael</u>.

Estimate of Trial Time.

    VIA's estimate: 10 court days.

    ASUS's estimate: 10-12 court days.

Trial Alternatives and Options

    a.    Settlement Discussion. In June 2015, the parties were ordered to mediation before Richard Abramson of SRI. Given that ASUS and ASM had only been served as of March 2015, and no meaningful discovery had yet occurred, this session ended without any offers made, and both sides agreeing it was too early for settlement talks.

    On June 19, 2017, the parties participated in a private mediation before Antonio Piazza of Mediated Negotiations in San Francisco, CA. The parties engaged in a full day mediation, but were unable to resolve their dispute. No active discussions are occurring at present.

    b.    Amendments or Dismissals.

    c.    Bifurcation or Separate Trial of Issues. The following equitable issues are to be tried to the bench, rather than the jury:

        i.    Alter ego

        ii.    Injunctive relief

        iii.    Defendants' equitable defenses of laches, waiver and estoppel.

VIA proposes trying these issues by motion with supporting declarations after the jury has reached its verdict.

Exhibits to the Pretrial Order.  The following are attached as exhibits to the Pretrial Order:

    a.    Exhibit A: VIA's Witness List, which attaches as exhibits the reports of VIA's designated experts.

    b.    Exhibit B: Defendants' Witness List, which attaches as exhibits the reports of Defendants' designated experts.

    c.    Exhibit C: the Joint Exhibit List.

d. Exhibit D: VIA's excerpts of Defendants' discovery responses it intends to present at trial.

d. Exhibit E: Defendants' excerpts of VIA's discovery responses it intends to present at trial.

e. Exhibit F: VIA's deposition designations, Defendants' counter-designations, and the parties' objections and responses.

*The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this action, unless modified to prevent manifest injustice.*

                              Respectfully submitted,

DATED: June 29, 2017           RUSS, AUGUST & KABAT

                              *Irene Y. Lee*
                              Larry C. Russ, SBN 82760
                              lruss@raklaw.com
                              Irene Y. Lee, SBN 213625
                              ilee@raklaw.com
                              Benjamin T. Wang, SBN 228712
                              bwang@raklaw.com
                              Adam S. Hoffman, SBN 218740
                              ahoffman@raklaw.com
                              Jean Y. Rhee, SBN 234916
                              jrhee@raklaw.com
                              Paul A. Kroeger, SBN 229074
                              pkroeger@raklaw.com
                              12424 Wilshire Boulevard
                              Twelfth Floor
                              Los Angeles, California 90025
                              Telephone: (310) 826-7474
                              Facsimile: (310) 826-6991

                              *Attorneys for Plaintiffs*
                              VIA TECHNOLOGIES, INC., a California

corporation, VIA TECHNOLOGIES, INC., a Taiwan corporation, and VIA LABS, INC., a Taiwan corporation

SINGULARITY LLP

<u>*Ronald S. Lemieux*</u>
Ronald S. Lemieux (CA Bar No. 120822)
rlemieux@singularity.com
Vid R. Bhakar (CA Bar No. 220210)
vbhakar@ipsingualrity.com
Theodore T. Herhold (CA Bar No. 122895)
therhold@ipsingularity.com
555 Twin Dolphin Drive, Suite 610
Redwood Shores, CA 94065
Tel:     (650) 720-4650
Fax:    (650) 720-4662

*Attorneys for Defendants*
*ASMedia Technology Inc., ASUSTeK Computer Inc., and ASUS Computer International*

**IT IS SO ORDERED**

DATED:_____          _____
                                The Honorable Beth Labson Freeman
                                United States District Judge