# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| VIA TECHNOLOGIES, INC. (A CALIFORNIA CORPORATION), et al., <br> Plaintiffs, <br> v. <br> ASUS COMPUTER INTERNATIONAL, et al., <br> Defendants. | Case No. 14-cv-03586-BLF <br><br> **OMNIBUS ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS** <br><br> [Re: ECF 259, 263, 265] |

This order addresses the parties' administrative motions to file under seal portions of their briefing and exhibits in support of their motions *in limine* and joint pretrial statement. ECF 259, 263, 265. For the reasons stated below, the motions at ECF 259 and ECF 263 are GRANTED and the motion at ECF 265 is GRANTED IN PART and DENIED IN PART.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the

identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

## II. DISCUSSION

The Court has reviewed the parties' sealing motions and the declarations submitted in support thereof. The Court finds that the parties have articulated compelling reasons and good cause to seal certain portions of the submitted documents. The proposed redactions are also narrowly tailored. The Court's rulings on the sealing requests are set forth in the tables below:

### A. ECF 259

| **ECF No.** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 259-4 | Ex. B to Lemieux Decl. (Excerpts of Expert Report of Melissa A. Bennis) | GRANTED as to highlighted portions. | Contains highly confidential and sensitive information, excerpts, and images from Defendants' financial information and documentation (including detailed sales information) concerning the internal sales, R&D, and financial information of Defendants. Bhakar Sealing Decl. ¶ 3, ECF 259-1. Contains confidential business information of Plaintiffs, including highly confidential and sensitive financial information concerning internal R&D cost information. Kroeger Sealing Decl. ¶ 2, ECF 272. |
| 259-6 | Ex. D to Lemieux Decl. (Supplemental Expert Report of Melissa A. Bennis) | GRANTED as to highlighted portions. | Contains highly confidential and sensitive information, excerpts, and images from Defendants' financial information and documentation (including detailed sales information) concerning the internal sales, R&D, and financial information of Defendants. Bhakar Sealing Decl. ¶ 8, ECF 259-1. Contains confidential business information of Plaintiffs, including highly confidential and sensitive financial information concerning internal R&D cost information. Kroeger Sealing Decl. ¶ 3, ECF 272. |

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 259-8 | Notice of Motion and Motion *In Limine* No. 1 and Daubert Motion to Preclude the Use of Any Testimony from or Reference to the Opinions of Ms. Melissa Bennis Regarding Defendants' "Unjust Enrichment" Arising from its Alleged Use of VIA's Trade Secrets | GRANTED as to highlighted portions. | Contains highly confidential and sensitive information, excerpts, and images from Defendants' financial information and documentation (including detailed sales information) concerning the internal sales, R&D, and financial information of Defendants. Bhakar Sealing Decl. ¶ 11, ECF 259-1. Contains confidential business information of Plaintiffs, including highly confidential and sensitive financial information concerning internal R&D cost information. Kroeger Sealing Decl. ¶ 4, ECF 272. |

**B.     ECF 263**

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 263-3 | Ex. 1 to Kroeger Decl. (Expert Report and Disclosure of Miguel Gomez re: Trade Secrets) | GRANTED as to highlighted portions. | Contains highly confidential and sensitive information, excerpts, and images from Plaintiffs' technical documentation (including detailed internal circuit schematics, Verilog source code, and design specifications) concerning the internal design and operation of Plaintiffs' products that Defendants are accused of misappropriating and represent Plaintiffs' trade secrets asserted in this case. Kroeger Sealing Decl. ¶ 3, ECF 263-1. Contains highly confidential and sensitive information, excerpts, and images from Defendants' technical documentation (including detailed internal circuit schematics, Verilog source code, and design specifications) concerning the internal design and operation of Defendants' products accused of allegedly misappropriating Plaintiffs' alleged trade secrets asserted in this case. Bhakar Sealing Decl. ¶ 14, ECF 263-10. |
| 263-5 | Ex. 2 to Kroeger Decl. (Expert Report of Miguel Gomez Regarding Infringement of U.S. Patent Nos. 7,313,187 and 8,457,747) | GRANTED as to highlighted portions. | Contains highly confidential and sensitive information, excerpts, and images from Defendants' technical documentation (including detailed internal circuit schematics and design specifications) concerning the internal design and operation of Defendants' products accused of allegedly misappropriating Plaintiffs' alleged trade secrets asserted in this case. Bhakar Sealing Decl. ¶ 16, ECF 263-10. |

| | | | |
|---|---|---|---|
| 263-7 | Ex. 4 to Kroeger Decl. (Expert Report and Disclosure of Melissa A. Bennis) | GRANTED as to highlighted portions. | Contains highly confidential and sensitive information, excerpts, and images from Plaintiffs' financial information. Kroeger Sealing Decl. ¶ 7, ECF 263-1. Contains highly confidential and sensitive information, excerpts, and images from Defendants' financial information and documentation (including detailed sales information) concerning the internal sales, R&D, and financial information of Defendants. Bhakar Sealing Decl. ¶ 18, ECF 263-10. |
| 263-9 | Ex. 5 to Kroeger Decl. (Supplemental Expert Report and Disclosure of Melissa A. Bennis) | GRANTED as to highlighted portions. | Contains highly confidential and sensitive information, excerpts, and images from Plaintiffs' financial information. Kroeger Sealing Decl. ¶ 9, ECF 263-1. Contains highly confidential and sensitive information, excerpts, and images from Defendants' financial information and documentation (including detailed sales information) concerning the internal sales, R&D, and financial information of Defendants. Bhakar Sealing Decl. ¶ 20, ECF 263-10. |
| 263-12 | Ex. B to Bhakar Decl. (Expert Report of Dr. R. Jacob Baker Re: Noninfringement of U.S. Patent Nos. 7,313,187 and 8,457,747) | GRANTED as to highlighted portions. | Contains highly confidential and sensitive information, excerpts, and images from Defendants' technical documentation (including detailed internal circuit schematics and design specifications) concerning the internal design and operation of the accused products. Bhakar Sealing Decl. ¶ 3, ECF 263-10. |
| 263-14 | Ex. C to Bhakar Decl. (Expert Report of Dr. R. Jacob Baker in Rebuttal to the Expert Report and Disclosure of Miguel Gomez re: Trade Secrets) | GRANTED as to highlighted portions. | Contains highly confidential and sensitive information, excerpts, and images from Plaintiffs' technical documentation (including detailed internal circuit schematics and design specifications) concerning the internal design and operation of Plaintiffs' products that Defendants are accused of misappropriating and constitute Plaintiffs' trade secrets asserted in this case. Kroeger Sealing Decl. ¶ 11, ECF 263-1. Contains highly confidential and sensitive information, excerpts, and images from Defendants' technical documentation (including detailed internal circuit schematics and design specifications) concerning the internal design and operation of Defendants' products accused of allegedly misappropriating Plaintiffs' alleged trade secrets asserted in this case. Bhakar Sealing Decl. ¶ 5, ECF 263-10. |

| | | | |
|---|---|---|---|
| 263-16 | Ex. D to Bhakar Decl. (Expert Report of Dr. Brent E. Nelson In Rebuttal to December 19, 2016 Expert Report and Disclosure of Miguel Gomez re: Trade Secrets) | GRANTED as to highlighted portions. | Contains highly confidential and sensitive information, excerpts, and images from Plaintiffs' technical documentation (including detailed internal Verilog source code and design specifications) concerning the internal design and operation of Plaintiffs' products that Defendants are accused of misappropriating and constitute Plaintiffs' trade secrets asserted in this case. Kroeger Sealing Decl. ¶ 13, ECF 263-1. Contains highly confidential and sensitive information, excerpts, and images from Defendants' technical documentation (including detailed internal Verilog source code and design specifications) concerning the internal design and operation of Defendants' products accused of allegedly misappropriating Plaintiffs' alleged trade secrets asserted in this case. Bhakar Sealing Decl. ¶ 7, ECF 263-10. |
| 263-18 | Ex. E to Bhakar Decl. (Expert Report of Eric Welch In Rebuttal to December 19, 2016 Expert Report and Disclosure of Miguel Gomez re: Trade Secrets) | GRANTED as to highlighted portions. | Contains highly confidential and sensitive information, excerpts, and images from Plaintiffs' technical documentation (including detailed internal Verilog source code and design specifications) concerning the internal design and operation of Plaintiffs' products that Defendants are accused of allegedly misappropriating and are Plaintiffs' trade secrets asserted in this case. Kroeger Sealing Decl. ¶ 15, ECF 263-1. Contains highly confidential and sensitive information, excerpts, and images from Defendants' technical documentation (including detailed internal Verilog source code and design specifications) concerning the internal design and operation of Defendants' products accused of allegedly misappropriating Plaintiffs' alleged trade secrets asserted in this case. Bhakar Sealing Decl. ¶ 9, ECF 263-10. |
| 263-20 | Ex. F to Bhakar Decl. (Expert Rebuttal Report and Disclosure of James E. Pampinella, CPA, CFF, CLP) | GRANTED as to highlighted portions. | Contains highly confidential and sensitive information, excerpts, and images from Plaintiffs' financial information. Kroeger Sealing Decl. ¶ 17, ECF 263-1. Contains highly confidential and sensitive information, excerpts, and images from Defendants' financial information and documentation (including detailed sales information) concerning the internal sales, R&D, and financial information of Defendants. Bhakar Sealing Decl. ¶ 11, ECF 263-10. |

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 263-22 | Ex. G to Bhakar Decl. (Defendants' Designations of VIA's Discovery Responses to be Presented at Trial) | GRANTED as to highlighted portions. | Contains highly confidential and sensitive information sales and financial information of Plaintiffs. Kroeger Sealing Decl. ¶ 19, ECF 263-1. |

**C. ECF 265**

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 265-9 | Ex. 6 to Lee Decl. (Excerpts from the deposition of James Pampinella) | GRANTED as to 48:05-24, 49:02-08, 49:15-21, 52:10-13, 52:15-18, 53:11-18, 53:24, 97:04-06, 98:04-05, 98:15-16, 98:19-25, 99:12-16, 99:24-100:11, 100:16-17, 100:21-25, 101:09-10, and 101:12-17; DENIED as to the remainder. | The identified portions contain highly confidential and sensitive information about Defendants' internal business and accounting practices concerning R&D, allocation of costs, sales and locations thereof, and other sensitive financial information of Defendants. Bhakar Sealing Decl. ¶ 4, ECF 274. Neither party provides grounds for sealing the remainder. |
| 265-11 | Ex. 7 to Lee Decl. (Defendant ASMedia Technology Inc.'s June 2, 2016 Objections and Responses to Plaintiff VIA-TW's Second Set of Interrogatories (Nos. 19-25)) | GRANTED as to 22:14-16 and 27:07-08; DENIED as to the remainder. | The identified portions contain highly confidential and sensitive information about Defendants' internal business and accounting practices concerning sensitive financial information of Defendants including R&D expenses and allocation of costs. Bhakar Sealing Decl. ¶ 6, ECF 274. Neither party provides grounds for sealing the remainder. |
| 265-13 | Ex. 8 to Lee Decl. (Defendant ASUSTeK Computer Inc.'s June 2, 2016 Objections and Responses to Plaintiff VIA-TW's Second Set of Interrogatories (Nos. 20-25)) | DENIED. | Defendants, the designating party, have not submitted a declaration in support of sealing this material. *See generally* Bhakar Sealing Decl., ECF 274. |

| 265-15 | Ex. 9 to Lee Decl. (Defendant ASUS Computer International's June 2, 2016 Objections and Responses to Plaintiff VIA-TW's Second Set of Interrogatories (Nos. 15-24)) | DENIED. | Defendants, the designating party, have not submitted a declaration in support of sealing this material. *See generally* Bhakar Sealing Decl., ECF 274. |
|---|---|---|---|

United States District Court
Northern District of California

| 265-17 | Ex. 10 to Lee Decl. (Excerpts from the deposition of Chi Chang) | GRANTED as to 76:14-19, 76:24-25, 77:08-15, 77:19-25, 18:01-12, 78:16, 78:22-79:02, 79:06-11, 79:14-15, 79:19-22, 79:25-80:02, 80:04-12, 81:07-20, 82:11-13, 82:20-23, 83:06-10, 83:12-13, 83:17-19, 84:06-14, 86:05-08, 87:01-03, 87:08-12, 88:03-05, 88:08-10, 88:12-14, 89:02-12, 89:15-17, 89:19-90:04, 90:21-22, 90:25-91:24, 92:01-08, 93:01-08, 93:10-13, 93:16-18, 94:17-18, 95:15-96:01, 96:08-15, 96:22-23, 97:11-13, 97:22-98:04, 99:15-16, 100:10-11, 101:20, 102:15-103:01, 103:12-15, 103:22-25, 104:06-07, 104:11-12, 104:14-18, 105:22-23, 106:14-15, 106:18-19, 106:21-23, 107:09-12, 107:23-25, 108:25-109:01, 109:06-07, 109:09-12, 109:17-18, 110:01-02, 110:04, 110:06-116, 110:18-111:03, 113:15-18, 114:06-17, 115:04-06, 115:11-14, 117:03-05, 117:08-10, 118:18-22, 118:24-119:03, and 122:21-123:03; DENIED as to the remainder. | The identified portions contain highly confidential and sensitive information about Defendants' analog schematics (including arrangement of components therein, connections and semiconductor process sizes), the development, design and manufacture of is semiconductor chips and accused products, and R&D as well as other sensitive confidential business information relating to the design and development of the accused products. Bhakar Sealing Decl. ¶ 8, ECF 274. Neither party provides grounds for sealing the remainder. |
|---|---|---|---|

8

| | | | |
|---|---|---|---|
| 265-19 | Ex. 11 to Lee Decl. (Defendant ASMedia Technology Inc.'s November 18, 2016 Supplemental Objections and Responses to Interrogatory Nos. 19 to 25 of Plaintiff VIA-TW's Second Set of Interrogatories to Defendant ASMedia Technology Inc.) | GRANTED as to 24:18-20, 28:09-11, 33:11-13, and 37:16-18; DENIED as to the remainder. | The identified portions contain highly confidential and sensitive information about Defendants' internal business and accounting practices concerning sensitive financial information of Defendants including R&D expenses and allocation of costs. Bhakar Sealing Decl. ¶ 10, ECF 274. Neither party provides grounds for sealing the remainder. |
| 265-21 | Ex. 12 to Lee Decl. (Excerpts from the deposition of R. Jacob Baker) | DENIED. | Defendants, the designating party, have not submitted a declaration in support of sealing this material. *See generally* Bhakar Sealing Decl., ECF 274. |

## III. ORDER

For the foregoing reasons, the Court GRANTS the motions at ECF 259 and ECF 263 and GRANTS IN PART and DENIES IN PART the motion at ECF 265. Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order. Alternatively, the moving party may also renew the motion so to provide sufficient reasons in the supporting declarations no later than 10 days form the filing of this order.

**IT IS SO ORDERED.**

Dated: July 5, 2017

_____
BETH LABSON FREEMAN
United States District Judge