# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| VIA TECHNOLOGIES, INC. (A CALIFORNIA CORPORATION), et al., Plaintiffs, v. ASUS COMPUTER INTERNATIONAL, et al., Defendants. | Case No. 14-cv-03586-BLF<br><br>**OMNIBUS ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS**<br><br>[Re: ECF 289, 291] |

This order addresses the parties' administrative motions to file under seal portions of their briefing and exhibits in support of their oppositions to motions *in limine*. ECF 289, 291. For the reasons stated below, the motion at ECF 289 is GRANTED and the motion at ECF 291 is DENIED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the

identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

## II. DISCUSSION

The Court has reviewed the parties' sealing motions and the declarations submitted in support thereof. The Court finds that the parties have articulated compelling reasons and good cause to seal certain portions of the submitted documents. The Court further notes that certain but not all proposed redactions are narrowly tailored. The Court's rulings on the sealing requests are set forth in the tables below:

### A. ECF 289

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 289-4 | Ex. 7 to Bhakar Decl. (Excerpts from the February 15, 2017 deposition of Miguel Gomez) | GRANTED as to highlighted portions. | Contains Defendants' confidential business information including discussions of the internal circuit design of Defendants ASMedia's products accused of allegedly misappropriating VIA's alleged trade secrets asserted in this case. Bhakar Sealing Decl. ¶ 3, ECF 289-1. |
| 289-6 | Ex. 8 to Bhakar Decl. (Excerpts from the February 17, 2017 deposition of Miguel Gomez) | GRANTED as to highlighted portions. | Contains Defendants' confidential business information including discussions of the internal circuit design of Defendants ASMedia's products accused of allegedly misappropriating VIA's alleged trade secrets asserted in this case. Bhakar Sealing Decl. ¶ 4, ECF 289-1. |

### B. ECF 291

| ECF No. | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 291-4 | Ex. 1 to Pickens Decl. (Declaration of Jiin Lai in support of Plaintiffs' Opposition to Defendants' Motion i*n Limine* No. 1 and Daubert Motion) | DENIED. | This exhibit is a declaration which Plaintiffs seek to seal in its entirety because it contains confidential business and trade secret information of Plaintiffs, including the research and design process for the trade secrets at issue. Pickens Sealing Decl. ¶ 2, ECF 291-1. However, sealing the entire exhibit is not justified because not all contents pertain to sealable information. This request is thus not narrowly tailored. |

| 291-6 | Ex. 2 to Pickens Decl. (Excerpts from the February 9, 2017 deposition of Melissa Bennis) | DENIED. | This exhibit contains excerpts from an expert deposition which Plaintiffs seek to seal in its entirety because it contains confidential business and trade secret information of Plaintiffs, including the research and design process for the trade secrets at issue. Pickens Sealing Decl. ¶ 3, ECF 291-1. However, sealing the entire exhibit is not justified because not all contents pertain to sealable information. This request is thus not narrowly tailored. |

## III. ORDER

For the foregoing reasons, the Court GRANTS the motion at ECF 289 and DENIES the motion at ECF 291. Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order. Alternatively, the moving party may also renew the motion so to provide sufficient reasons in the supporting declarations no later than 10 days form the filing of this order.

**IT IS SO ORDERED.**

Dated: July 11, 2017

_____
BETH LABSON FREEMAN
United States District Judge

3